## 9534

### HARBY v. WILSON.

#### (90 S. E. 183.)

1. FRAUDS, STATUTE OF—NOTE OR MEMORANDUM OF CONTRACT—SUFFICIENCY OF CONTRACT AND LETTER.—A contract reading that it was agreed that defendant sold to plaintiff 200 bales of lint cotton at 11 cents a pound, to be settled for at the difference ruling in S. on day of delivery, to be delivered between certain dates, which was not signed by defendant, and a signed letter from defendant to plaintiff stating that he objected to the wording of the contract, refused to sign it, and was returning it, did not constitute such a note or memorandum of the contract for the sale of cotton, signed by the party charged, as satisfied the statute of frauds.

2. FRAUDS, STATUTE OF—FUNCTION OF ORAL TESTIMONY.—It is not competent to prove by oral testimony any of the essential elements of a contract which the statute of frauds requires to be in writing, such testimony being only competent to connect different writings, which must themselves contain all the essential elements of the contract, the party to be charged acknowledging in writing that they do.

Before BOWMAN, J., Sumter, April 7, 1915. Affirmed.

Action by Henry J. Harby against Thomas Wilson. From a judgment for defendant, plaintiff appeals.

The following are the contract and letter referred to in the opinion:

State of South Carolina, County of Sumter.

By virtue of the contract made and entered into this 23d day of August, 1913, by and between Harby & Co., of Sumter, S. C., parties of the first part and Thos. Wilson, of Sumter, S. C., party of the second part, it is agreed:

Party of the second part has this day sold to parties of the first part two hundred bales of lint cotton, averaging 500 pounds per bale, with 1 per cent. variation, at 11 cents per pound, basis middling, American standard classification, all other grades to be settled for at the difference ruling in Sumter on day of delivery. Party of the first part binds himself to deliver to parties of the second part the above two hundred bales of lint cotton, at his own expense, on weigher's platform, at Sumter, S. C., between the dates of October 1. 1913, and November 30, 1913. Should party of the second part fail to deliver any portion of the said two hundred bales of cotton in accordance with the terms and within the dates above mentioned, the parties of the first part shall have the right to buy in such undelivered portion in the open market, the difference in price, if any, to be settled immediately in cash between the parties hereto.

It is understood and agreed that parties of the first part shall pay or cause to be paid to party of the second part the contract price herein agreed upon as cotton is delivered.

And to the full and faithful performance of this contract the parties hereto bind themselves, their heirs, executors, and administrators forever, as witness our hands and seals 23d day of August, 1913. Harby & Co. (Seal.) Witness: F. C. Hubbell.

Sumter, S. C., September 3, 1913.

Mr. W. A. Bowman, City—Dear Sir: Referring to the matter of the sale of cotton, and to the conversation which you had with me on the 23d day of August in regard to the sale of cotton, my position in this matter is as follows: I

told you over the phone that I would sell you 200 bales of cotton, and you in reply said: "I will bring you up to contract." I left on that afternoon's train for Georgia, and the last thing I did before I left was to inquire in my office if you had been here, or any one representing you, and I was advised that you had not. I did not return from Georgia until Friday, August 29th, and found your contract which you had sent to my office by United States mail. I object to the wording of this contract, and wrote you under date of August 30th that I would not care to sign the contract which you submitted and returned the contract to you. You called at my office afterwards and stated that I could modify the contract so as to make it acceptable to me. This, of course, was very nice on your part, but a modification of that contract I would regard as entering into new business. You informed me that you had sold this cotton for the account of the mills. I am somewhat surprised that you did this for the reason that had you presented this contract to me on August 23d, as you stated you would, I should have declined it then. I am somewhat surprised that you would have sold cotton to the mills on the strength of your telephone conversation with me, in the absence of a contract, as I would not have signed this contract then, and I will not sign it now, and I am therefore returning same to you. Yours truly, Thomas Wilson. (Inclosure.)

*Mr. L. D. Jennings* and *R. D. Epps,* for appellant, cite: *As to statute of frauds:* 29 S. C. 533; 20 Cyc. 319; 95 U. S. 269; 92 S. C. 95; 3 McC. 158.

*Mr. John H. Clifton,* for respondent, cites: 8 S. E. 10; 95 S. C. 491; 96 S. C. 95; 98 S. C. 283.

October 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The evidence, stated most strongly for plaintiff, shows that on August 23, 1913, he had a conversation with defendant in which defendant agreed to sell him 200 bales of cotton, and that all the terms of sale were agreed upon; that he was to reduce the agreement to writing and take it to defendant to be signed by him; that he did prepare a written contract which was in accord with their oral agreement, and signed it and sent it to defendant by the afternoon mail of the same day, but defendant left the city that afternoon, and did not receive it until he returned, on August 29th. In the meantime the price of cotton had advanced. On August 30th defendant returned the contract to plaintiff in a letter in which he stated that he did not care to sign this contract. Plaintiff then saw defendant and offered to allow him to modify the contract, so as to meet his obligations to it, and left it with him. On September 3d defendant wrote plaintiff another letter in which he returned the contract and refused to sign it, or to sign any modified contract. Plaintiff relied upon the contract as prepared by him and this letter, both of which will be reported, together with the oral testimony, the substance of which has been stated, to take the case out of the statute of frauds.

The writings together do not constitute such note or memorandum of a contract, signed by the party charged, as will satisfy the statute. It is not competent to prove by oral testimony any of the essential elements of a contract which the statute requires to be in writing.

Such testimony is competent to connect different writings, but the writings must themselves contain all the essential elements of the contract, and the party to be charged must acknowledge in writing that they do. *Louisville Co.* v. *Lorick,* 29 S. C. 533, 8 S. E. 8, 2 L. R. A. 212.

In the case cited defendant gave plaintiff's salesman an order for goods, which was entered by the salesman in his memorandum book. The order as entered contained all the

elements of the contract, but it was not signed by defendant. Subsequently, and after the goods had been shipped, defendant wrote plaintiff: "Don't ship paints ordered through your salesman." It was held that it was competent to prove by parol testimony that the letter referred to the order which had been entered on his book by the salesman, and, further, that the two together constituted such note or memorandum of the contract, acknowledged in writing by the party charged, as would satisfy the statute.

But in this case defendant's letter not only does not acknowledge that the contract proposed by plaintiff contained all the elements of their oral agreement, but his objection to it and refusal to sign it implies that, at least according to defendant's understanding of it, it did not. At any rate, defendant has not admitted in writing that it did. That being so, there was no competent evidence to prove the contract alleged, and the nonsuit was properly granted.

Judgment affirmed.