## 10011

### WEEKS *ET AL.* v. GRAHAM.

#### (96 S. E. 499.)

LANDLORD AND TENANT—LEASE—LETTER.—Landlord's letter to tenant *held* not an unequivocal agreement to the terms of the instrument, constituting a lease for ten years, drawn up by the tenant, and forwarded to the landlord for her signature.

Before GARY, J., Clarendon, Spring term, 1918. Reversed and remanded.

Action by Sarah E. Weeks and R. C. Gayle against J. M. Graham. Judgment for defendant, and plaintiffs appeal.

The letter from plaintiff, Weeks, to defendant directed to be reported, read as follows:

"St. Paul, S. C., Oct. 6, 1915. Mr. J. Marion Graham, Pinewood, S. C. Dear Marion: I received the check also the contract, but Bubber has been so busy gathering his crop that he has not had time to go up. Will now soon. I am afraid to say what day for fear something might happen, so you go ahead to fix everything like you want it. We are getting good price for cotton now. Bubber sold a bale

today and got 12 cents for it. Please send me the balance soon as you can, as I want to settle tax. Very truly, Sallie Weeks."

*Mr. J. J. Cantey,* for plaintiffs, submits: *That respondent has failed to offer in evidence a good and valid lease of the land in dispute "by act and operation of law," and, therefore, respondent has not proved a defense to the action of the appellants for the recovery of the land in dispute, and it follows, as a matter of law, that the Circuit Judge erred in declining to direct a verdict for the appellants, and for the same reasons, erred in directing a verdict for the defendant:* 81 S. C. 340; 89 S. C. 73; 94 S. C. 293; 106 S. C 8.

*Messrs. DuRant & Ellerbe,* for respondent, submit: *That there was a written contract, in evidence, for the renting of the property in dispute:* 106 S. C. 7; 89 S. C. 73; 92 S. C. 95.

July 3, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action to recover the possession of a parcel of farm land; direction of verdict for the defendant; appeal by the plaintiff. We are of the opinion that a verdict ought not to have been directed for the defendant.

There are two questions made by the appeal: (1) That a verdict ought not to have been directed for the defendant; and (2) that a verdict ought to have been directed for the plaintiff, and this Court ought to so direct a verdict for the recovery of the land, and refer back for trial the issue of damages.

These are the circumstances which gave rise to the action: Graham had been a tenant upon the land for the years 1912, 1913, 1914 and 1915. He claims the right to further occupy as tenant for ten years from January 1, 1916, to December

31, 1926. He bases his right on a written instrument to that effect, prepared and signed by him and forwarded by him to Mrs. Weeks for her signature. Mrs. Weeks received, but never signed, the instrument. Instead, she wrote Graham the letter dated October 6, 1915, which letter ought to be reported. The Court held that the letter was a sufficient signing of the contract by Mrs. Weeks. The Court said:

"Well, it seems to me that the contract signed by the party on one side and sent to the other, taken in connection with the letter immediately sent in reply to that telling him to go ahead, constitutes a meeting of the minds of the parties as to what the terms of the contract are. It is signed by the party to be charged, and in my judgment it complies with all the requirements of the statute as to a lease for more than one year."

That is the issue in the case; and we are of the opinion that the letter may not on its face be construed by a Court as an unequivocal agreement to the terms of the ten-year instrument which Graham had sent to Mrs. Weeks to be signed by her. *Holliday v. Pegram,* 89 S. C. 80, 71 S. E. 367, Ann. Cas. 1913a, 33; *Harby v. Wilson,* 106 S. C. 10, 90 S. E. 183.

The issue is not whether the instrument correctly sets forth a contract, but, assuming the instrument to unequivocally set forth a contract, the issue is whether Mrs. Weeks at all agreed to it.

The only words in the letter which suggest an agreement are "so you go ahead and fix everything like you want it." The meaning of this language is, at most, doubtful; it renders, therefore, the letter subject to construction by a jury. The writer first acknowledged the receipt of the instrument, and proceeded to say, "but Bubber has been so busy * * * that he has not had time to go up." A probable inference from that is that Bubber was to finally do what needed farther to be done. This is also a question for the jury.

The judgment is reversed, and the cause is remanded for a new trial.