COE v. BURRELL
COE v. BURRELL *ET AL.*

(134 S. E., 373)

1. ABATEMENT AND REVIVAL.—Another suit pending to warrant dismissal must be in same jurisdiction, between same parties, and for same cause of action and relief.

2. ABATEMENT AND REVIVAL.—Action against tenant for rent and action against tenant and surety on bond given in distress proceeding *held* not between same parties, as affecting dismissal of latter action on ground of pendency of the first.

3. ABATEMENT AND REVIVAL.—Action against tenant for rent and action against tenant and surety on bond given in distress proceeding *held* not on same cause of action, as affecting dismissal on ground of another suit pending.

4. STIPULATIONS.—Agreement to try together an action for rent and an action against tenant and surety on bond given in distress proceeding is waiver of any objection that latter action could not be brought until judgment had been obtained in the former.

5. ACTION.—Under Civ. Code 1922, § 5291, single action for rent and on bond given in distress proceeding may be brought against tenant and surety.

6. FRAUDS, STATUTE OF.—Defense that lease agreement was voidable under statute of frauds (Civ. Code 1922, § 5516), *held* not available to tenant, who had had use of premises, in action for rent and on bond given in distress proceeding, notwithstanding Section 5273.

Before FEATHERSTONE, J., Darlington, November, 1924. Affirmed.

Two actions by J. G. Coe, one against Tom Burrell and the other against Tom Burrell and another, tried together. Judgment for plaintiff, and defendants appeal.

The following are the bond given in the distress proceeding, the complaint in the second action, the Court's charge, and certain exceptions thereto:

"Bond Given in Distress Proceeding.

"State of South Carolina, County of Darlington.

"Whereas, one J. G. Coe has distrained certain personal property of Tom Burrell to recover the sum of two hundred sixty-five dollars as rent alleged to be due; and

"Whereas, the said Tom Burrell desires to replevy the said property according to the statute in such case made and provided:

"Now, therefore, know all men by these presents, that the said Tom Burrell and C. McDonald, of said county and State, for the replevy of the said property, do hereby undertake and become bound to the said J. G. Coe in the sum of five hundred thirty (530.00) dollars.

"The condition of this obligation is such that if the above bound Tom Burrell shall pay or cause to be paid to the said J. G. Coe, as landlord, whatever judgment may be recovered by the said landlord against said tenant in an action to be brought hereon for the recovery of said rent, then and in such event said obligation shall be null and void, otherwise to remain in full force and effect.

"Witness our hands and seals at Hartsville, S. C., the 29th day of December, 1921.

"Tom Burrell.   [Seal.]
"C. McDonald.   [Seal.]

"Signed, sealed and delivered in the presence of
"J. B. Miller.
"Frank A. Miller."

Probate in usual form.

Justification in usual form.

Complaint in Second Action (caption omitted).

"The plaintiff above named, complaining of the defendants herein, alleges:

"I. That at the times hereinafter mentioned the plaintiff and defendants were and still are residents of the County of Darlington and State of South Carolina.

"II. That heretofore, to wit, about the 1st day of January, 1920, the plaintiff and the defendant Tom Burrell entered into a verbal agreement under and by the terms of which the plaintiff agreed to rent to the defendant Tom Burrell and said defendant promised to pay the said plaintiff the rental as hereinafter mentioned, by the month; that is to say, the defendant Tom Burrell promised to pay to the plaintiff for that certain building known as a store or cafe in the town of Hartsville, S. C., on the northern side of Avenue B, as rent therefor, the sum of fifty-five (55.00) dollars per month, payable the last day of each month, for the time he the defendant so occupied the same, for the year 1920, and that on January 1, 1921, the said plaintiff and said defendant entered into an agreement whereby the plaintiff agreed to continue to rent said building to defendant Tom Burrell for the year 1921, at and for the sum of fifty (50.00) dollars per month, payable the last day of each month in said year, 1921, all of which both parties agreed to.

"III. That the aggregate amount which should have been paid to this plaintiff by said defendant up to and including the month of December, 1921, was the sum of twelve hundred sixty (1,260.00) dollars, and that the said defendant has paid plaintiff the sum of nine hundred (900.00) dollars, leaving a balance now due and owing this plaintiff by the defendant Tom Burrell of three hundred sixty (360.00) dollars, with interest thereon from the 31st day

of December, 1921, until paid, at the rate of 7 per cent.
per annum, an itemized sworn statement of which is hereto
attached, herewith served and to which reference is craved
as often as may be necessary, no part of which has been
paid by discount or otherwise, although plaintiff has made
many demands upon the defendant Tom Burrell for said
amount, which he has refused and neglected to so pay and
which has long since been past due and owing.

"IV. That on the 28th day of December, 1921, the
plaintiff through his duly appointed agent, R. C. Hicks,
levied upon and distressed certain goods and chattels belong-
ing to said defendant Tom Burrell on the premises in ques-
tion, for rent past due and owing this plaintiff, as provid-
ed by law, and that within five days thereafter the defend-
ants Tom Burrell and C. McDonald executed and delivered
to plaintiff their certain bond in the penal sum of five
hundred thirty (530.00) dollars, a copy of which is
hereto attached and marked Exhibit A, conditioned for the
payment to plaintiff, as landlord, of whatever judgment may
be recovered by the said plaintiff against the tenant Tom
Burrell in an action brought for the recovery of said rent,
wherein and whereby the defendants became and are in-
debted to this plaintiff in the sum of three hundred sixty
(360.00) dollars, with interest thereon from the 31st day
of December, 1921, at the rate of 7 per cent per annum,
until paid, and also for the costs and expenses of this
action.

"Wherefore plaintiff asks the judgment of this Court
for the sum of $360, with interest thereon from the 31st
day of December, 1921, at the rate of 7 per cent. per annum,
and for the costs and expenses of this action.

"March 18, 1922.

"D. Carl Cook, Plaintiff's Attorney."

Verified.

## JUDGE'S CHARGE

"Mr. Foreman and gentlemen of the jury, what is the truth in this case? That is what you are there to find, don't make any difference who it hurts or who it helps.

"Now, this is an action brought by J. G. Coe against Tom Burrell and C. McDonald, and it is an action on two contracts as set out in the complaint. The plaintiff alleges in his complaint, that in 1920, in January, he rented to the defendant Burrell certain premises in the town of Hartsville; that Burrell was to pay him as rent for 1920 the sum of $55 per month. Then he alleges that for 1921 he made a new contract with Burrell, under which contract Burrell was to pay him $50 per month rent for the same premises, and he alleges that there is a balance due on those contracts of $360, for which he asks judgment at your hands. He also alleges in his complaint that he levied a distress warrant on Burrell's stuff, and that in order to get that distress warrant released, C. McDonald signed a bond, agreeing, under the terms of that bond, to pay what was due on that rent contract, in case aynthing was found to be due.

"Now, the defendants come into Court, after admitting that they live in the same County, they deny the allegations of the complaint, and they set up in the answer that they don't owe the plaintiff anything, but that everything that they owed him has been paid and discharged. Now, this makes up the issues which you are to try in this case.

"Now, Mr. Foreman, as stated before, this is an action on contract, and the question for you to determine is whether or not the defendant Burrell made these contracts with the plaintiff, Coe, and if he did make those contracts, and did go in possession under those contarcts, and remained in possession for the length of time that is set up in the complaint, then he is entitled to pay the plaintiff here any balance that he may be due on that rent. Courts don't

make contracts for people; they make contracts themselves, and this Court sits for the purpose of enforcing contracts that people make, whether they be hard contracts or good contracts. Did this defendant Burrell make the contract that is set out in the complaint? If so, is there any balance due on that contract? And if you find those things, then you find what the balance is due, and find for the plaintiff.

"Now, I charge you a good deal has been said about the statute of frauds. I charge you that you need not concern yourself in this case about the statute of frauds, if the evidence satisfies you by the greater weight that there was a verbal contract made in 1920 for 1920, and there was a verbal contract made for 1921 in 1921, because under that state of facts the statute of frauds would have no application at all. And I charge you furthermore that, even though the statute of frauds did apply at the begining, if you had such a contract as you could not enforce at first, yet the parties went forward under that contract, and the man who rented premises went in under that contract and remained in for the period of that contract, then the statute of frauds would have no application whatever.

"Now, as to the defendant McDonald, he comes in and gives a bond, so it is alleged, if he gave the bond, under the terms of that bond he is entitled to pay the plaintiff the balance due on that rent contract, if you find there is anything due. The sole questions for you are: Did this defendant Burrell make this contract with the plaintiff? What were the terms of that contract? What did he agree to pay under that contract? Has he paid it? If he has not paid it, how much balance is due? And if there is a balance due, if you believe by the greater weight of the evidence that there was such a contract, whether it was a hard contract or a good contract, if you believe there was such a contract, and that there is a balance due on that rent

contract, why, you find against the defendants, and make them pay it; otherwise, you will not.

"Now, the burden of proof is on the plaintiff to establish the material allegations of the complaint by the greater weight of the evidence. As to the question of payment, which the defendants set up in their answer, the burden of proof is on them to show payment. If you are satisfied by the greater weight of the evidence that these contracts were made, and the burden is on the plaintiff to show you that by the greater weight of the evidence, that such contracts were made, and that there is a balance due.

"Now, in case you find that the contracts were made, in the case of payment, the burden is on the defendants to show you by the greater weight of the evidence that the balance due on the rent has been paid.

"Defendants' counsel has asked me to charge Section 5273 of the Code, which I refuse to do, on the ground that it has no application whatever to this case. Because this is an action on contract, therefore it has no application.

"Now, to come back where we started. What is the truth in this case? Did the defendant Burrell make these contracts? Is there any balance due under the terms of those contracts? If you are satisfied by the greater weight of the evidence that he did make the contracts, and that there is a balance due under the contracts, then you find for the plaintiff the balance that is due.

"Write your verdict on the paper marked 'Summons and Complaint' where I indicate with a cross mark. The form of your verdict will be, in case you find for the plaintiff, 'We find for the plaintiff so many dollars,' writing it out in words and not in figures. The form of your verdict, in case you find for the defendant, will be, 'We find for the defendants,' and sign your name as foreman."

CERTAIN EXCEPTIONS TO CHARGE

"(9) Because his Honor, the presiding Judge, erred in instructing the jury as follows: 'Now I charge you a good deal has been said about the statute of frauds. I charge you that you need not concern yourself in this case about the statute of frauds, if the evidence satisfies you by the greater weight that there was a verbal contract made in 1920 for 1920, and there was a verbal contract made for 1921 in 1921, because under that state of facts the statute of frauds would have no application at all. And I charge you, furthermore, that even though the statute of frauds did apply at the beginning, if you had such a contract as you could not enforce at first, yet the parties went forward under that contract, and the man who rented premises went in under that contract and remained in for the period of that contract, then the statute of frauds would have no application whatever.'

"Specifications of error: (a) This instruction was in plain violation of the Statute law, to wit, Section 5516 of the Code of 1922; (b) said instruction was in plain violation of Section 5273 of the Code of 1922; and (c) said instruction was a charge on the facts in violation of Section 26, Article 5, of the Constitution.

"(10) Because his Honor, the presiding Judge, erred in instructing the jury as follows: 'Now, as to the defendant McDonald, he comes in and gives a bond, so it is alleged, if he gave the bond, under the terms of that bond he is entitled to pay the plaintiff the balance due on that rent contract, if you find there is anything due.'

"It was error thus to instruct the jury, because the defendant McDonald could not be sued on the bond until there had been a breach thereof, and the bond was not breached unless and until judgment had been recovered against the defendant Burrell."

"(12) Because his Honor, the presiding Judge, erred in

instructing the jury as follows: 'The sole questions for you
are: Did this defendant Burrell make this contract with the
plaintiff? What were the terms of that contract? What
did he agree to pay under that contract? Has he paid it?
If he has not paid it, how much balance is due? And if
there is a balance due, if you believe by the greater weight
of the evidence that there was such a contract, whether it
was a hard contract or a good contract, if you believe there
was such a contract, and that there is a balance due on that
rent contract, why, you find against the defendants, and
make them pay it, otherwise you will not."

"Specifications of error: · (a) Plaintiff was not entitled
to recover on contract at all, and if any recovery could be
had, such recovery was for use and occupation; (b) said
instruction constitutes a charge on the facts in violation
of Section 26, Article 5, of the Constitution."

*Mesrs. Miller & Lawson*, for appellants, cite: *Defendant
not to be twice sued on one cause:* 80 S. C., 69; 58 S. C.,
411; 53 S. C., 155; 43 S. C., 381; 1 Enc. Pl. & Pr., 750;
1 R. C. L., 10. *Suit on bond not maintainable until bond
breached:* 110 S. C., 399; 66 S. C., 430; 12 Rich., 163;
Harper 217; 18 Enc. Pl. & Pr., 630; 4 R. C. L., 64; Code.
Civ Pro., 1922, Sec. 423. *No action will lie on parol lease:*
117 S. C., 230; 36 S. C., 544. *How rents recovered where
demises not by deeds:* Civ. Code, 1922, Sec. 5273. *Present
action improperly treated as action on contract to pay rent:*
117 S. C., 214; 107 S. C., 282; 90 S. C., 58; 66 S. C., 162;
60 S. C., 392; 44 S. C., 454; 36 S. C., 544. *Plea of statute
of frauds unnecessary where complaint alleges all facts
it would be necessary to plead in setting up Statute:* 60
S. C., 373. *Form of complaint in action for use and occupa-
tion:* 18 A. & E. Enc., 428; 1 Abbott Forms, 252; 18 Enc.
of Forms, 609.

*Mr. D. Carl Cook* for respondent, cites: *Parol lease taken
out of statute of frauds by payment of rent and going*

*into possession:* 66 S. C., 162; 44 S. E., 577; 60 S. C., 392; 38 S. E., 596. *Action on replevin bond:* Civ. Code 1922 Sec., 5291. *Another action between same parties on same cause pending:* 53 S. C., 155; 31 S. E., 1; Code Civ. Pro., 1922, Sec., 401.; 1 C. J., 47 and 66.

August 11, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE RAMAGE.

On the 28th of December, 1921, the plaintiff, J. G. Coe, issued his distress warrant and seized the property owned by Tom Burrell for past-due rent, claimed by the said J. G. Coe. On the 29th day of December, 1921, the defendants Tom Burrell and C. McDonald, as principal and surety, respectively, executed their bond which will be set out in full in the report of the case. On the executing and delivery of this bond, the property distrained was released. On January 3, 1922, the respondent commenced his action against the defendant Tom Burrell, alone, asking for judgment against the said Tom Burrell for $360 past-due rent; and thereafter on the 18th of March, 1922, the respondent commenced his action against the defendants Tom Burrell and C. McDonald on a complaint which will be set out in full in the report of the case. The first complaint is substantially the same as the first three allegations of the second complaint.

The answer in the first action was a general denial and a plea of payment in full. The answer in the second action was also a general denial and plea of payment in full, and, also, defendants set up the defense of another action pending.

The matter came on for trial before his Honor, Judge Featherstone, and a jury. Judge Featherstone allowed the plaintiff to dismiss the first case, after the following, which appears in the record:

"Motion to dismiss by Mr. Miller, upon grounds stated in writing:

"Mr. Miller: My suggestion is, that we try both cases together, waiving nothing.

"Mr. Cook: That suits me.

. "(Argument *pro* and *con.*)

"The Court: I don't see why this matter should not be threshed out on its merits. If there is any reason at all why I should refuse your motion to dismiss, I am going to do it. It seems to me we have here an action by a landlord against a tenant on a contract to pay rent. Later on there is a distress warrant issued, and, in order to be relieved from that distress and get his goods back, that defendant came into Court and gave bond. Now, then this action is brought upon the bond, which it seems to me, while it may necessarily involve the same facts to a certain extent, is not an action for the rent but an action on that bond, and here we have a new party under those circumstances."

Let us first take up the objection that defendants interpose, that the second action ought to be dismissed for the reason that there was another action pending. The rule is as follows:

There must be "a former suit in the same jurisdiction between the same parties for the same cause of action and relief." Ency. of Pl. and Pr., Vol. 1, p. 750.

Tested by this rule, the second suit was different from the first; as another party was added, the second suit was upon the bond, while the first was merely for the rent, and the second complaint demanded interest while none was demanded in the first complaint. Hence the suits were between "different parties," as used in the above quotations, were not upon the same cause of action, and different relief was demanded.

The statute in question in this case is Section 5291, Code, Vol. 3, 1922, and provides:

That when goods and chattels have been distrained for rent the tenant shall "within five days after such distress and notice thereof, replevy the same by giving bond in double the amount of rent claimed, conditioned for the payment to the landlord of whatever judgment may be recovered by said landlord against the tenant in an action to be brought *on said bond* for the recovery thereof. * * * (Italics added.)

The condition of the bond in question was "shall pay or cause to be paid to the said J. G. Coe, as landlord, whatever judgment may be recovered by the said landlord against said tenant in an action to be brought hereon, for the recovery of said rent * * * ," while ordinarily, under the cases and authorities cited by appellants on page 8 and 9 of their points and authorities, an action would have to be brought first to recover the rent and then an action brought on the *judgment* obtained in this action.

But this rule does not apply in this case for two 4, 5 reasons:

First. Appellants agreed to try both actions together, and that would be a waiver of their right, if they ever had any, of insisting that an action could not be brought on the *bond* until a judgment was first obtained on the rent contract.

Second. Section 5291, part of which was quoted above, continues:

"* * * Said bond to be approved by the magistrate of the county in which the distress is made, if action to recover the amount of rent claimed is within the jurisdiction of a magistrate, otherwise to be approved by the clerk of Court of said county." The terms of the bond are: "Whatever judgment may be recovered by the said landlord against the tenant in an action to be brought hereon for the *recovery* of said *rent.*"

Now it appears by a fair construction of the Statute and

the terms of the bond *that the action for the rent on the bond* may be brought in the same complaint as was done in this case.

On the two grounds just given above there was no error in going ahead as the Court below did and ascertaining the amount due for rent and also on the bond.

Now, as to the question as to the applicability of the statute of frauds:

"* * * The Statute was intended to be applicable to contracts wholly executory * * * both the consideration and the promise must be executory. * * * Judge O'Neall in *Gee v. Hicks,* Rich. Eq. Cas., 5.

Where A. occupies and enjoys the premises of B., in an action by B. for the recovery of the rent, A. cannot set up and sustain a defense that he entered under a parol contract and that such contract is voidable by the statute of frauds. To allow such a defense, after one has reaped the fruits of a so-called illegal contract, would be shocking to the concepts of justice which are planted in the breast of the ordinary man. After one has occupied the premises of another, it is too late to say that his original entry and occupation were under a voidable contract.

These matters have been set at rest long ago by many cases among which may be mentioned the following: *Hillhouse v. Jennings,* 60 S. C., 392; 38 S. E., 596, and *Matthews v. Hipp,* 66 S. C., 162; 44 S. E., 577, both of which decisions were written by that clear thinker and splendid legal reasoner, our present Chief Justice.

We dismiss all the exceptions as to the judge's charge, which will be set out in full. It was clear, fair, and fully met the issues in this case. This case was a matter for the jury, and it has been fairly submitted to them, and we see no error. There was no evidence submitted on behalf of the defendants going to show that plaintiff's contentions were not correct. It appears that substantial justice has

been done—that no reasonable jury could have found any other verdict than that which was found in this case.

It is the judgment of this Court that the exceptions be dismissed, and that the judgment below be affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and WATTS concur.

MR. CHIEF JUSTICE GARY did not participate.