14329

## McCATHERN v. O'DONNELL & CO.

(186 S. E., 659)

Before Ramage, J., Lee, October, 1935.

*Mr. L. D. Jennings,* for appellant,

*Messrs. Lee & Moise,* for respondent,

July 8, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

The appellant purchased from the respondent a tract of land. When the conveyance was delivered to him in October, 1934, plaintiff was informed that possession of the premises would not be delivered until January 1, 1935, to which he assented. He brings this action to recover damages, alleging that after he had agreed to purchase the tract of land, and after he had purchased it, he notified defendant that no timber or wood must be cut or moved, and that none of the wire fencing or posts, or other fixtures, must

be moved from the land; that the defendant promised and agreed that the premises should be delivered to the plaintiff in the same condition in which they were on May 29, 1934. (This was the date at which defendant notified plaintiff's attorney, by letter, that it would accept $5,000.00 for the tract of land.) Plaintiff further alleges that after that date defendant cut and removed, or permitted to be cut and removed, wood and timber from the said land, and removed, or permitted to be removed, wire fencing and posts. That plaintiff notified the defendant that these things were being done, and defendant promised to have it stopped, but failed to do so. That the alleged acts were done willfully, unlawfully, and maliciously, and as a result thereof "plaintiff has sustained damages actual and punitive" in the sum of $2,-500.00, for which he asks judgment.

For answer defendant's first defense was a general denial. The second defense was that if there was any agreement or contract between the parties concerning the sale of the land, as alleged by plaintiff (which the defendant denies), such agreement or contract or any memorandum or note thereof, was not in writing as is required by the statute of frauds (Section 7044, Code 1932).

On the call of the case for trial, defendant moved that plaintiff be required to elect upon what cause of action he was proceeding, whether upon breach of contract, or trespass.

Plaintiff elected to go to trial on breach of contract.

When plaintiff was offered to prove the alleged agreement relating to the retention of the possession of the land by the tenants of defendant and the agreement or contract that no timber or wood should be cut and no wire fencing or posts removed from the land defendant's counsel objected to the testimony on the ground that it would be obnoxious to Section 7044, Code Laws 1932 (the Statute of Frauds) because the contract sought to be proved was not in writing, nor was there any memorandum or note thereof in writing.

The objection was sustained, and at the conclusion of the testimony a motion for nonsuit was made and sustained on the same ground.

The appeal is from the order of nonsuit.

The contention of appellant seems to be that the contract, for the breach of which he sues, is not in violation of the Statute of Frauds, but that if it should be held to be obnoxious thereto, nevertheless the retention of the possession of the land by defendant was part performance of the contract, which takes it out of the operation of the statute.

It does not need the citation of authorities to show that no action may be brought to charge any person "upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized."

Such is the express language of the statute, Section 7044, Code 1932, embodying so much of the English statute known as the Statute of Frauds. Nevertheless it is proper to state that our reports are full of cases expounding and construing the statute.

"It is not competent to prove by oral testimony any of the essential elements of a contract which the statute of frauds requires to be in writing." Thus spoke Mr. Justice Hydrick for this Court in *Harby v. Wilson,* 106 S. C., 7, 90 S. E., 183.

"The statute requires not only that the agreement, or 'some memorandum or note thereof,' shall be 'signed by the party to be charged,' etc., but that the memorandum or note shall be 'in writing.' That the memorandum so required to be in writing must contain all the essential elements of a contract is too well settled in this and other jurisdictions to require the citation of authority." This is the language of

Mr. Justice Marion in the case of *Ruff v. Hudspeth,* 122 S. C., 391, 115 S. E., 626, 627.

The complaint in the third paragraph alleges that "after he had agreed to purchase said tract of land, and after he had purchased the same," the contract upon which the action is brought was made.

The phrase "after he had agreed to purchase said tract of land" refers, doubtless, to the correspondence between Mr. Baskin, attorney for plaintiff, and Mr. O'Donnell, which culminated in the letter of Mr. Baskin of October 3, 1934, which notified Mr. O'Donnell that Mr. McCathern would take the place at the figure named by Mr. O'Donnell.

Throughout this correspondence there is no single word relating to the subject-matter of the contract sued on. It must be, then, that plaintiff is standing on the parol contract alleged to have been made after the delivery of the deed relating to the retention of the possession of the premises by the defendant, or its tenants, until January 1, 1935.

It might have been competent for plaintiff to prove by parol evidence that he had agreed with the defendant that it should retain possession of the premises until the date named. That is not an essential element of the contract; that is but an incident of it, not one of the "essential elements" spoken of by the cited authorities. As was said by Mr. Justice McIver, afterward the revered Chief Justice of this Court, in the case of *Kennedy v. Gramling,* 33 S. C., 367, at page 383, 11 S. E., 1081, 1087, 26 Am. St. Rep., 676: "But, while parol evidence is inadmissible to supply an omission in the writing of any reference to the particular property, yet such evidence is competent to show the situation and surrounding circumstances of the parties, and thereby identify the particular property referred to in writing."

If this present case related only to the possession of the land, it might have been competent for plaintiff to testify orally why he did not take the immediate physical posses-

sion of the property he had bought. But the essential elements of the contract, for the alleged breach of which he brings this action, are that respondent agreed and contracted that he would not cut and remove, or permit to be cut and removed, any wood or timber off of the premises, nor would. he remove or permit to be removed any of the wire fencing or posts therefrom. That this alleged contract or agreement. is not in writing, nor is there any written memorandum or note signed by defendant, nor by any person lawfully authorized thereunto by respondent, there is no dispute. It is clear that there was no error in refusing to allow it to be proved by parol.

Appellant argues strenuously that respondent went into; possession of this property under this parol contract, and cannot now deny or repudiate it because the possession was · such part performance of the contract as takes it out of the statute, and he relies upon the case of *Coe v. Burrell,* 136 S. C., 410, 134 S. E., 373.

It is significant that the opinion of the Supreme Court was written by the same able jurist who tried this case, the appeal from which we are now considering. He was then Acting Associate Justice.

The facts of that case show that it is not applicable as. authority in this case. The true rule is thus stated by Mr. Justice McIver in the case of *Humbert v. Brisbane,* 25 S. C., 506, 510: "But as it is well settled that even a parol contract for the sale of land may be enforced when there has been such part performance as, under the cases, will take it out of the operation of the statute. * * * Mere payment of a part or the whole of the purchase money, without more, is not sufficient; but when such payment is accompanied with possession, acquired under the contract, and the purchaser has made improvements, it is sufficient."

Clearly the doctrine of part performance has no application to this case.

But that question is definitely set at rest for this case by the opinion of this Court in the case of *White v. McKnight et al.,* 146 S. C., 59, 143 S. E., 552, 554, 59 A. L. R., 1297, to the effect that action at law for damages cannot be maintained because of part performance by plaintiff. In an elaborate and very able opinion Mr. Justice Cothran reviewed many authorities from numerous jurisdictions including our own.

The appellant contended that "the part performance which would sustain an action for specific performance, *in equity,* affords no relief in an action *at law* for damages resulting from the breach of such a parol contract." This principle is sustained by the opinion: "In the case at bar, the plaintiff is not suing in equity, for the obvious reason that the testator conveyed the real estate in question to others, who are not parties to this action, * * * he is suing at law for damages as stated. * * · * The case of *Davis v. Moore,* 9 Rich., 215, appears to be directly in point. It was an action for damages for the breach of an oral contract to convey land, or in tort for misrepresentation. The Court said: 'The plaintiff's right to maintain the action in either form has been insisted upon. A parol contract for the sale of land is within the fourth section of the statute of frauds, and it would be but an evasion of this provision of the statute if damages may be recovered for the breach of such a contract. * * * It has been urged that the plaintiff's possession was in part performance of the contract, and that such a case is not embraced within the statute. Courts of equity have decreed the specific performance of a contract partly executed, but this is strictly an equitable doctrine, and we are not prepared to say that a party may recover damages for the breach of every contract which a court of equity would specifically enforce. * * * But where an agreement has been partly carried into execution the better opinion is that relief is limited to the court of equity.' "

Quoting from 25 R. C. L., 691, the opinion continues in

these words: "The provision prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract. An action for damages for its breach is in effect one for its enforcement and cannot be maintained; and this is, as a general rule, held true, though there has been such a part performance by the plaintiff as would authorize a court of equity to decree the specific performance by the other party."

The opinion in the case, then before it, concludes this branch of its consideration in this case in this wise: "It thus appearing that it is impossible to maintain an action at law for damages on account of the breach of a parol contract obnoxious to the statute, by virtue of alleged part performance of the contract, the evidence tending to establish the claim of the plaintiff to such part performance becomes entirely negligible; however convincing it may be and however clearly referable exclusively to the parol contract, it 'availeth nothing.' It is needless therefore to discuss the question whether the evidence of part performance was sufficient to have maintained an action for specific performance if the intestate had not conveyed the property to others."

It is patent that the appellant in this present case cannot maintain this action by virtue of the plea of part performance of the alleged parol contract.

The respondent presents argument in its brief to prove that appellant may not maintain an action for trespass upon the premises purchased by appellant from respondent. That question is not before this Court, and will not now be considered by it. Upon the motion of respondent, appellant was required to elect whether he would proceed as in an action for trespass, or in an action on the contract, and elected to proceed on contract.

The Court expresses no opinion on the question whether he may maintain an action for trespass.

All exceptions are overruled, and the judgment is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

Mr. Justice Carter did not participate.