20792

Louise H. STACKHOUSE, Appellant, v. Elizabeth H. COOK, Edgar Durant Hayes and John W. Hayes, Jr., as Devisees under the Will of Lula B. Hayes, Deceased, and John W. Hayes, Sr., as Executor of the Estate of Lula B. Hayes, Deceased, Respondents.

(248 S. E. (2d) 482)

*Cooper, Bowen, Beard & Smoot* and *John C. West, Jr.,* Camden, *for appellant.*

*William J. McLeod* and *Kinon & Curry,* Dillon, *for respondents.*

October 24, 1978.

NESS, Justice:

This is a suit for specific performance of a parol contract to convey real estate. The trial court, sitting without a jury, concluded there was insufficient part performance to remove the contract from the statute of frauds. We affirm.

Appellant Louise Stackhouse is the sister of Lula B. Hayes, the deceased owner of the farm in Dillon County which is the subject of this litigation. She and Miss Hayes allegedly entered into an oral agreement on December 26, 1974, whereby Miss Hayes reserved unto herself a life estate and agreed to convey the farm to Mrs. Stackhouse. The purchase price was $33,000, and it was stipulated that an additional $3,300 would be paid at Miss Hayes' death to John W. Hayes, Jr. for his one-tenth interest, over which she held a testamentary power of sale.

In February of 1975, appellant delivered a $5,000 down payment to Miss Hayes. Miss Hayes then had prepared a revised will and a deed conveying the farm to Mrs. Stackhouse. The family attorney also prepared a promissory note for $28,000 which Mrs. Stackhouse executed and delivered

to her sister. The instrument carried the notation: "Balance of purchase price of lands in Dillon County."

Miss Hayes died in January of 1976. Prior to her death, she made a gift of $5,000 to Mrs. Stackhouse. The promissory note was found marked "paid by gift" with Miss Hayes' signature in her safe deposit box.

Under the Hayes will, Mrs. Stackhouse was left a specific bequest of $3,300—the exact amount she had promised to pay for the outstanding one-tenth interest. There was no disposition of the family farm in the will. The deed of the land to Mrs. Stackhouse was found unexecuted in Miss Hayes' safe deposit box.

It is basic contract law that sufficient part performance of a parol contract for the conveyance of land will remove the contract from the statute of frauds. *Scurry, et al. v. Edwards,* 232 S. C. 53, 100 S. E. (2d) 812 (1957); J. Calamari and J. Perillo, Contracts, § 296 (1970). Case law has developed the following factors to be considered in determining whether sufficient part performance has occurred:

(1) Actual possession, *Wilson et al. v. Cooper et al.,* 226 S. C. 538, 86 S. E. (2d) 59 (1955).

(2) Improvements to the property, *Mims v. Chandler,* 21 S. C. 480 (1884); *Aust et al. v. Beard et al.,* 230 S. C. 515, 96 S. E. (2d) 558 (1957).

(3) Partial payment of the purchase price, *Mims v. Chandler, supra.*

In an action in equity, tried by the judge alone, without a reference, this Court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We do not believe the evidence reveals sufficient part performance of the alleged oral contract to remove it from the statute of frauds.

While appellant paid the $33,000 purchase price to Miss Hayes by her down payment and promissory note, it is well settled that payment of the purchase money alone cannot support an action for specific performance. *McMillan v. McMillan,* 77 S. C. 511, 58 S. E. 431 (1907); *Humbert v. Brisbane,* 25 S. C. 506 (1886). It is only when such payment is accompanied by possession and/ or the purchaser has made improvements to the land, that specific performance is granted. *Mims v. Chandler, supra; Humbert v. Brisbane, supra.*

Despite the evidence that Mrs. Stackhouse's son, Phillip, left his home in Cayce, South Carolina, to reside on the farm and supervise improvements thereon, it is undisputed that Miss Hayes remained in actual possession. According to Corbin:

"In order to be 'referable' to the contract or to be evidence of its existence, the surrender of possession must be from the promisor to the promisee." 2 Corbin on Contracts § 433 (1950).

There is no evidence that Miss Hayes ever surrendered possession to Mrs. Stackhouse. Even assuming, without deciding, that Phillip Stackhouse acted as his mother's agent in moving to the farm and taking possession, we do not believe his presence on the land constituted the sort of actual possession ordinarily required to remove the contract from the statute of frauds. As stated in 73 Am. Jur. (2d), Statute of Frauds, § 419:

"As a rule, possession sufficient to constitute an act of part performance of a contract to purchase realty must be *exclusive possession* such as manifests definitely and clearly that the person holding the property is asserting a right therein or title thereto which is inconsistent with right of possession or ownership in any other person. *Possession in common with the vendor or the act of the purchaser in coming to live with the owner on the land is not, as a rule, a suf-*

*ficient possession to constitute part performance."* (Emphasis supplied.)

Finally, the supervision by Phillip Stackhouse of certain improvements on the farm does not render the contract specifically enforceable. It is undisputed that Miss Hayes paid for all the work performed on the property. Moreover, as a nephew supervising work on his elderly aunt's farm, his actions were not sufficiently referable to an oral contract to convey the land to remove it from the statute of frauds. The quality of improvements generally required is discussed in 73 Am. Jur. (2d), Statute of Frauds, § 434:

"In order to constitute part performance of an oral land contract which will entitle the purchaser to specific performance, *the improvements must, as a general rule, be made by the purchaser with his own means* and upon the faith of the vendor's promise." (Emphasis supplied.) See also 2 Corbin on Contracts, § 434 (1950).

The trial court properly concluded that appellant failed to demonstrate sufficient part performance of the oral contract to justify a decree of specific performance. The evidence of possession and improvement to the property is insufficient. Moreover, while Mrs. Stackhouse paid the $33,000 purchase price to her sister, Miss Hayes eventually returned the amount to appellant by a gift of $5,000 and a "paid by gift" notation on the promissory note. Her actions are susceptible of the reasonable inference that she simply changed her mind about selling the farm. Additionally, Mrs. Stackhouse suffered no financial loss by the transaction.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.