596 S.E.2d 514

**William SETTLEMEYER, Appellant,**

v.

**Katherine McCLUNEY, Respondent.**

No. 3796.

Court of Appeals of South Carolina.

Submitted Dec. 8, 2003.

Decided May 11, 2004.

Daniel J. Ballou, of Rock Hill; John Pressly Gettys, Jr., of Rock Hill, for Appellant.

George W. Speedy, of Camden, for Respondent.

HOWARD, J.:

William Settlemeyer sued his daughter, Katherine McCluney, claiming ownership of four tracts of land in York County ("the properties") by an express, constructive, or resulting trust. The circuit court concluded no trust existed and McCluney was the legal and equitable owner of the properties. Settlemeyer appeals, arguing the circuit court erred by denying relief on his claim for: 1) an express trust; 2) a constructive trust; and 3) a resulting trust. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Between March 1982 and January 1991, Settlemeyer purchased the properties. In each instance, he had the title issued in McCluney's name.

Subsequently, Settlemeyer filed a lawsuit, alleging the properties were held in an express, constructive or resulting trust, with McCluney as the trustee and Settlemeyer as the beneficiary.

At trial, Settlemeyer testified he voluntarily placed title of the properties in McCluney's name, admitting McCluney had not induced him to have the properties conveyed to her. Settlemeyer further testified he believed he and McCluney had an oral agreement in which he would purchase property and title it in McCluney's name, with the understanding that McCluney would later convey it to him. However, when specifically asked if there was "ever an agreement between [Settlemeyer] and [McCluney] that she would reconvey the property back to [Settlemeyer]," Settlemeyer stated, "It wasn't brought up. I trusted her to think she would deed it back to me." Additionally, Settlemeyer admitted he denied ownership of the properties during one of his divorce proceedings and during a Department of Health and Environmental Control investigation of one of the properties.

McCluney denied she and her father had an agreement in which she was to convey the properties to him but confirmed she did not pay the purchase price or property taxes for the properties. McCluney stated she believed the properties were gifts from Settlemeyer.

The circuit court found the Statute of Frauds barred finding an express trust existed. Additionally, the circuit court found the claim of a constructive trust failed because Settlemeyer did not prove McCluney acted fraudulently in the transaction. Furthermore, the circuit court found the claim for a resulting trust failed because Settlemeyer failed to rebut the presumption that the properties were given to McCluney as gifts.

Subsequently, in Settlemeyer's motion for reconsideration, Settlemeyer argued the circuit court erred by failing to address his part-performance argument concerning the express trust. Thereafter, the circuit court denied Settlemeyer's motion for reconsideration without addressing part performance. Settlemeyer appeals.

## STANDARD OF REVIEW

■ "In an action in equity, tried by the judge alone, ... this Court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence." *Stackhouse v. Cook,* 271 S.C. 518, 521, 248 S.E.2d 482, 484 (1978).

## LAW/ANALYSIS

### I. Express Trust

Settlemeyer argues the circuit court erred by denying relief on his claim of an express trust. We disagree.

■ The statute of frauds requires that a declaration of an express trust of land must be in writing. S.C.Code Ann. § 62–7–101 (1987). However, "sufficient part performance of a parol contract for the conveyance of land will remove the contract from the statute of frauds." *Stackhouse,* 271 S.C. at 521, 248 S.E.2d at 483.

■ To compel specific performance of an oral agreement where part performance is alleged to remove the contract from the statute of frauds, a court of equity must find: 1) clear evidence of an oral agreement; 2) the agreement had been partially executed; and 3) the party who requested performance had completed or was willing to complete his part of the oral agreement. *Gibson v. Hrysikos,* 293 S.C. 8, 13–14, 358 S.E.2d 173, 176 (Ct.App.1987).

Because both Settlemeyer and McCluney testified no written document existed governing conveyance of the properties between the parties, we only address the issue of part performance.

■ At trial, McCluney denied an oral agreement existed between the parties in which she was to convey the properties to Settlemeyer. Furthermore, although Settlemeyer testified he thought such an agreement existed between the parties, he stated the parties did not orally express this agreement. Rather, he testified he trusted McCluney to act as he desired.

Based on our review of the evidence contained in the record, we hold Settlemeyer did not present clear evidence of an oral agreement between the parties. *See Gibson,* 293 S.C. at 13, 358 S.E.2d at 176 (holding a court must find, among other things, clear evidence of the existence of an oral agreement for part performance to remove the contract from the statute of frauds).

Without the existence of an oral agreement, Settlemeyer cannot establish part performance of the alleged agreement. *See Stackhouse,* 271 S.C. at 521, 248 S.E.2d at 483 (holding sufficient part performance of an oral trust agreement is required to remove it from the statute of frauds). Thus, the circuit court did not err by denying Settlemeyer relief on his claim of an express trust.

The remaining issues are affirmed pursuant to Rule 220, SCACR and the following authorities: **As to Issue II:** *Smith v. South Carolina Ret. Sys.,* 336 S.C. 505, 529, 520 S.E.2d 339, 352 (Ct.App.1999) ("In general, a constructive trust may be imposed when a party obtains a benefit 'which does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it as where money has been paid by accident, mistake of fact, or fraud, or has been acquired through a breach of trust or the violation of a fiduciary duty.'" (quoting *SSI Med. Servs. v. Cox,* 301 S.C. 493, 500, 392 S.E.2d 789, 793–94 (1990))); *see All v. Prillaman,* 200 S.C. 279, 308, 20 S.E.2d 741, 753 (1942) ("'The law will not permit a party to deliberately put his property out of his control for a fraudulent purpose, and then, through intervention of a court of equity, regain the same after his fraudulent purpose has been accom-

plished.' " (quoting *Jolly v. Graham,* 222 Ill. 550, 78 N.E. 919, 920 (1906))).

**As to Issue III:** *Bowen v. Bowen,* 352 S.C. 494, 499, 575 S.E.2d 553, 556 (2003) (holding when real estate is conveyed to a child and consideration is paid by the parent, the presumption is that the purchase was a gift to the child, and thus, no resulting trust arises); *Hayne Fed. Credit Union v. Bailey,* 327 S.C. 242, 249, 489 S.E.2d 472, 476 (1997) (holding when real estate is conveyed to a child and consideration is paid by the parent, the parent has the burden of proving a gift was not intended); *see also id.* at 250, 489 S.E.2d at 476 (holding when a parent purchases real property and titles it in the name of his child for the purpose of defrauding a third party, the parent cannot enforce a resulting trust).

## CONCLUSION

For the foregoing reasons, the decisions of the circuit court are

**AFFIRMED.**

HEARN, C.J., and KITTREDGE, J., concur.