THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Eula M. Nicholson, Respondent,
v.
Betty Gresham, John Doe, Mary Roe, and Richard Roe, fictitious names used to designate all other persons unknown claiming any right, title, estate, interest in or lien upon the real estate described in the Complaint herein, Defendants,/Of whom Betty Gresham is,
Appellant.
 
 
 

Appeal From Berkeley County
 Robert E. Watson, Master-In-Equity

Unpublished Opinion No. 2005-UP-531
Heard September 14, 2005  Filed September 20, 2005

AFFIRMED

 
 
 
Joseph Todd Manley, of Moncks Corner; for Appellant.
George B. Bishop, of Moncks Corner; for Respondent.
 
 
 

PER CURIAM:  Eula Nicholson (Nicholson) initiated this action to quiet title to property she claimed she purchased from the appellant, Betty Gresham (Gresham).  We affirm the Master-In-Equitys ruling that Nicholson is the owner of the disputed property.  
FACTS
Nicholson and Gresham met in the early 1990s, and became close friends up until the events giving rise to this case.  Gresham owned an acre of property which included a boat landing, a bait and tackle shop, several mobile home trailers, and Greshams residence.  Around March of 1999, Nicholson and Gresham entered into an agreement whereby Nicholson occupied and had exclusive use of a portion of the disputed property.  Because the parties were close friends, they did not involve an attorney in the transaction.  Nicholson paid Gresham $10,000 in March 1999, and paid an additional $40,000 in monthly installments over the course of the next four years.  Nicholson claims this transaction was a sale; Gresham, however, contends the arrangement was a four-year leasenot a sale.  Nicholson presented a document, signed by both her and Gresham, which simply states:

This is to verify that I Eula M, [sic] Nicholson will pay the amount of 10,000 as a down payment with the balance of 40,000 to be paid in full at the end 4 yr.

Two surveys were performed to divide the property.  The first survey was conducted in 1999.  Nicholson testified that after the first survey, the surveyor prepared a deed which was signed by both parties and notarized.  Gresham denies signing this deed.  However, the deed was recorded in January 2003.  Additionally, Nicholson entered into evidence a writing which accounted for the payments she made to Gresham.  Gresham admitted that every month when Nicholson would make her $1,200 payment, Gresham would initial on this document, indicating the payment had been received.  
The portion of the property that Nicholson possessed included two mobile home trailers.  Nicholson testified that these trailers were in poor condition and that she renovated the trailers so she could rent them.  Furthermore, she brought two additional trailers onto the property.  In all, three trailers were designated for rent, and the fourth Nicholson kept for herself, although it was not her primary residence.  Witnesses gave varying opinions on how much rental income could be derived from the property with estimates ranging from $275 to $400 per trailer per month.  
In August of 2002, after Nicholson had paid the $50,000, Gresham had a second survey performed.  Gresham had a fence, which transected the property, moved approximately five feet to enlarge her portion of the land.  Subsequently, Gresham moved the fence a second time, this time taking a substantial portion of the space that Nicholson occupied.  Eventually, Nicholson filed suit to quiet title.  
The master found the recorded deed was void due to form because the consideration stated on the deed was incorrect and it was doubtful that the parties signed the deed simultaneously or in each others presence.  The master nonetheless found that Gresham had sold the property to Nicholson.  He ruled that the Statute of Frauds was not applicable because of full or part performance and because Nicholson made improvements to the property.  Therefore, he granted Nicholson exclusive quiet possession and title to the portion of the property she claimed.  
STANDARD OF REVIEW
This case presents issues of both law and equity.  Where legal and equitable actions are maintained in one suit, each retains its own identity as legal or equitable for purposes of the applicable standard of review. 
Kuznik v. Bees Ferry Assocs.¸ 342 S.C. 579, 538 S.E.2d 15 (Ct. App. 2000).  In an action at law, this Court will not disturb the findings of fact unless they are wholly unsupported by the evidence.  Kemp v. Rawlings, 358 S.C. 28, 594 S.E.2d 845 (2004).  However, where questions of equity are involved, we may take our own view of the preponderance of the evidence.  Williams v. Wilson, 349 S.C. 336, 563 S.E.2d 320 (2002).  
LAW/ANALYSIS
Gresham contends that Nicholsons action must fail because it is barred by the Statute of Frauds, S.C. Code Ann. § 32-3-10(4) (1991).  We disagree.
The first question is whether a parol contract to sell the property existed between Gresham and Nicholson.  See Aust v. Beard, 230 S.C. 515, 96 S.E.2d 558 (1957).  The master found by clear and convincing evidence, the Defendants intentions and desire was to sell a portion of her property to Nicholson.  Although Gresham forcefully denies that she sold the property, there is ample evidence to support the masters finding.  For instance, Sandra Gresham, who is of no relation to the appellant, testified that appellant Gresham previously had tried to sell her the property for $50,000.  The master found Sandras testimony credible and found no reason to believe that she was biased or prejudicial for one side or the other.  Furthermore, Nicholson provided a payment schedule which accounts for all of the monthly $1,200 payments she made to Gresham.  Gresham initialed by each payment.  Nicholson, who paid Gresham in cash, by check, or by combination of the two, entered into evidence one check which read Mortgage in the memo line.  After reviewing all of the evidence, we defer to the masters conclusion that the parties intended the arrangement to be the sale of property and not a lease.  
Next, because this case is an action to charge Gresham on a contract for the sale of land, it must either meet the requirements of the Statute of Frauds, S.C. Code Ann. § 32-3-10, or else fall under an exception to the Statute of Frauds.  Section 32-3-10 provides that 

No action shall be brought whereby:
. . . .
(4)  To charge any person upon any contract or sale of lands. . .
Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.

S.C. Code Ann. § 32-3-10 (1991).  Gresham correctly states the general proposition that the Statute of Frauds requires a written memorandum, signed by the party to be charged, which contains all the essential elements of the contract for the sale of land.  See McCathern v. ODonnell & Co., 181 S.C. 76, 186 S.E. 659 (1936).  However, exceptions to the Statute of Frauds exist.  An oral contract within the Statute of Frauds may be taken out by performance where one party does some act essential to performance of the agreement resulting in loss to himself and benefit to the other.  Graham v. Prince, 293 S.C. 77, 81, 358 S.E.2d 714, 717 (Ct. App. 1987).  Where the parties fully perform the contract, the Statute of Frauds no longer applies.  See DeWitt v. Kelly, 256 S.C. 224, 182 S.E.2d 65 (1971).  Further, the Statute may not apply where there has been partial performance. 
Settlemeyer v. McCluney, 359 S.C. 317, 596 S.E.2d 514 (Ct. App. 2004).  Factors such as possession of the land, payments made, and improvements undertaken are considered in determining the sufficiency of partial performance.  Stackhouse v. Cook, 271 S.C. 518, 248 S.E.2d 482 (1978).  
The master found there had been full or partial performance and that Nicholson had made substantial improvements to the property.  Because we adopt the masters conclusion that the parties entered into a contract for the sale of the land, we find the contract was fully performed.  Gresham conceded that she received the $50,000.  Therefore, we affirm the masters finding that the sale was taken out of the Statute of Frauds by full or partial performance.  Further, we hold the master properly ordered the issuance of a master deed to specifically enforce the parties contract.  
 AFFIRMED.
 ANDERSON, HUFF, and WILLIAMS, JJ., concur.