## 10106

### MIDLAND TIMBER CO. v. FURMAN *ET AL.*
#### (97 S. E. 831.)

1. EVIDENCE—WRITTEN CONTRACTS — PAROL TESTIMONY.—Where a written contract is plain, parol testimony, manifestly disputing or adding to its recitals, is incompetent; but, if the writing shows upon its face an incompleteness, then that which makes it incomplete may be shown by parol.

2. EVIDENCE—WRITTEN CONTRACTS—PAROL EVIDENCE.—In an action to foreclose a mortgage, the defense being usury, parol evidence was admissible to show that the consideration for an agreement, made after the execution of the mortgage and greatly benefiting the mortgagee, was a certain $5,000 received from a third party; the written supplementary agreement stating that the consideration was "$10 and other valuable consideration."

Before MEMMINGER, J., Charleston, Summer term, 1918. Affirmed.

Action by the Midland Timber Company against Bolivar B. Furman and others. Decree for plaintiff, and defendants appeal.

*Messrs. McMillan & Heyward* and *Ficken & Erckmann,* for appellant, submit: *The contract sued on is usurious:* (Exodus, chap. XXII, 25th verse); Ezekiel, chap. XVIII, 13th verse; (Psalm 15:5); 3d Coke Inst. 150; 11 Richardson's Eq. 430; 76 S. C. 450; 57 S. C. 450; 30 S. C. 68; 39 Cyc. 954; 57 S. C. 341; 35 S. E. 581; 136 Ky. 391; 124 S. W. 576; 39 Cyc. 987; 83 S. E. 386; 60 Minn. 30; 62 N. W. 260; 92 S. C. 388; 83 S. C. 521; 104 S. C. 153; 38 S. C. 182; 40 S. C. 72; 11 Richardson's Eq. 430; 39 Cyc. 1023; 104 S. C. 158; 92 S. C. 338; 43 S. C. 86; 20 S. E. 786; 67 S. C. 553; 46 S. E. 479; 4 S. E. 116; 38 S. C. 182; 57 S. C. 341; 39 Cyc. 1003; 1 Rich. Eq. 41; 69 S. C. 99; 24 S. C. 128; Greenleaf, sec. 277; 93 S. C. 529; 610 S. C. 168; 54 S. C., pp. 320 and 343; 83 S. C. 204; 20 S. C. 578; 19 S. C. 459; 89 S. C. 73. *As to the admissibility of parol testimony when contract is in writing:* 20 S. C. 578; 79 S. C. 459; 89 S. C. 73; 87 S. C. 67; 60 S. E. 455; 72 S. C. 410; 97 S. C. 278; 90 S. C. 541; 22 Howard (63 U. S. P. 301). *The words of our usury law are mandatory:* 30 S. C. 68-69.

*Messrs. Smyth & Visanska,* for respondent, submit: *The contract is not usurious:* 39 Cyc. 959. *The letters written by the appellant, Bolivar B. Furman, acting for himself and for his brother, I. K. Furman, estopped them from claiming any benefit to accrue to them by the passage of time, and also waived the defense of usury:* 39 Cyc. 1023. *As to the admissibility of oral testimony:* 39 S. E. (S. C.) 346; 51 S. E. (S. C.) 79; 71 S. E. (S. C.) 367; 73 S. E. (S. C.) 872; 75 S. E. (S. C.) 404; 75 S. E. (S. C.) 959; 6 S. E. (S. C.) 897; Bailey's Eq. 139; 82 S. E. (S. C.)

422; 31 S. E. (S. C.) 3304; 36 S. E. (S. C.) 652. *The transaction in question is not usurious, because it amounted to nothing more than a loan by the plaintiff to the defendants of its credit, for which plaintiff had a right to charge:* 2 Conn. 341; 39 Cyc. 983, 940; 29 A. & E. 473; 4 Hill (N. Y.) 224; 1 Edm. Sel. Cas. (N. Y.) 371; 4 N. Y. 363; 47 Century Digest 2166; 145 N. Y. Supplement 239; vol. XVIII, Key Note Series 2289; 31 N. E. (N. Y.) 617; 57 Atl. (N. Y.) 1010; 64 N. E. 1121; 146 (N. Y.), S. 239; 75 S. E. 557. *The application of the usury statute has been in no way established:* Sec. 2519.

January 6, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action to foreclose mortgage on land. The debt is admitted to be due. The only defense to the action is usury, and that is the sole matter at issue. The master and the Circuit Court both found against the plea, and rightly so.

The issue of usury hinges on the competency of the parol testimony of a witness for the plaintiff named Montagu. The Circuit Court held it to be competent; and if that be so, and if the testimony be true, then there was no usury in the transaction. In those instances where the writing is plain, and where the parol testimony manifestly dispute or adds to the recitals of the instrument, such testimony is, of course, incompetent. The rule of law is axiomatic.

The only difficulty, here and in most controversies, lies in the application of the rule to the circumstances of the case. On the issue of fact the master and Circuit Court have found that Montagu spoke the truth, and the appellant has not satisfied us of the contrary. On the issue of law the testimony of Montagu was plainly competent.

To use a simile, if a span of a bridge be missing, that circumstance is manifest on casual observation, and the conclu-

sion is instant that the whole structure is not present.  So here, if the paper writings laid down show upon their face an incompleteness, then that which makes them complete may be shown by parol.  The rule of the books in such a case is well stated in Jones on Evidence, sec. 440, *et seq.,* where the author makes apt and full quotations from the Minnesota leading case of *Thompson v. Libby*.

In the instant case the writings, now to be laid down, which evidence the whole transaction, are fragmentary; they were executed in different times, between different parties, and are of different characters.  These are the circumstances: The Furmans were landowners. They had transactions with three lumber corporations.  In March, 1902, they made with the Atlantic Coast Lumber Company a contract to cut timber on several parcels of land, and that lumber company asserted that, by what is called a blanket clause, the DuPre tract was embraced in that contract.  The relevancy of that contention will appear.

In March, 1910, the Furmans were in debt and hard pressed for money, and they made application to the Midland Timber Company for a loan.  A preliminary contract was then entered into between these parties, and therein two things were agreed upon: (1) That the Midland Company should lend the Furmans $17,000, at the interest rate of 8 per cent., and take as security therefor a mortgage on sundry parcels of land, one of which was specially the DuPre tract; (2) that, at the time the note and mortgage to evidence the loan should be executed by the Furmans, they should then make with the Midland Company an agreement "by which the company shall be allowed a period of 20 years from the date of said agreement * * * within which to cut and move the timber growing upon the said property."

In April, 1910, thereafter the Furmans made the "memorandum agreement" with the Midland Timber Company which the preliminary contract had anticipated.  Therein the contract of March, 1902, between the Furmans and the

Atlantic Coast Lumber Company was fully recited. It was also therein particularly declared that an agreement had been entered into between the Atlantic Company and the Midland Company by which the first stated contract to cut was passed from the Atlantic Company to the Midland Company. It was also therein declared that the period in which to cut, stipulated in the first stated contract to be 10 years, was extended to 20 years. The agreement is so voluminous that its prime intent, which was simply to extend the time to cut from 10 to 20 years, is quite lost under four printed pages of words and phrases. On the same day in April, 1910, the Furmans executed the note and mortgage for $17,000.

The counsel for Furman characterized at the bar this second and above quoted stipulation in the preliminary contract as the gist of his case. He pointed it out as the benefit, over and above 8 per cent., which the Midland Company was to get under the contract, and which fouled the whole transaction with usury.

In December, 1911, the Furmans made with the Halsey Lumber Company a contract to cut timber on the DuPre tract, and got for that from the Halsey Co. $5,000. Concurrently therewith the Midland Company (1) indorsed on that contract the release of its mortgage lien on the DuPre tract, and the Midland Company, at the suggestion of learned counsel, also then (2) quitclaimed to the Halsey Company any interest it had in the timber on the DuPre tract. And Montagu testified that these last two acts were done at the request of and by the direction of the Furmans.

Now it is manifest, to revert to the simile, that there is a span missing out of this bridge of paper writings. The plaintiff admits that it got a benefit by the preliminary contract, under that before quoted clause of it which counsel characterized as the gist of the case. But none of the writings disclose what constituted that benefit, called the consideration. The memorandum agreement which granted

the extension, made pursuant to the gist clause, declared only that it was made "in consideration of $10 and other valuable considerations to them paid by the Midland Timber Company, but not herein mentioned."

The parol testimony tends even to support the writing. The Midland Company had no contract to cut when the preliminary contract and the memorandum agreement were entered into; it did not get the right to cut until after that time, and then not from the Furmans, but from the Atlantic Company.

The Atlantic Company had, in the opinion of learned counsel, the right to cut on the DuPre tract; and a particular inspection of the writing lends color to that claim. That right to cut on the DuPre tract was transferred to the Halsey Company by the concurrent acts of the Furmans and the Midland Company, and the Furmans got a large sum of money for it, the reason for which they utterly failed to give.

Montagu testified that this valuable right, which yielded the Furmans $5,000, was transferred to the Furmans because they had extended to him from 10 to 20 years the right to cut on other tracts of land, and that he swore was the consideration for the gist clause. Manifestly this testimony supplies the missing link of the bridge, and is competent on the face of the transaction.

The decree below is affirmed.