19261

P. P. LEVENTIS, Jr., Respondent, v. Dominic ACCIARDO, as Executor of the Estate of Pasquale Acciardo, Appellant.

(182 S. E. (2d) 726)

438

*Messrs. Powell, Kligman & Fleming,* of Columbia, *for Appellant,*

*Thomas E. McCutchen, Esq., Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Respondent,*

July 29, 1971.

LEWIS, Justice.

This is an appeal from an order overruling a demurrer to the complaint.

The action is against the estate of Pasquale Acciardo. The complaint alleges, in substance, that plaintiff entered into an oral contract with the deceased, under which plaintiff agreed to sign for the benefit of the deceased a five year lease for certain premises in the City of Columbia, South Carolina, at which the deceased was to operate a business and pay the entire rental. In consideration of the signing of the lease by plaintiff, the deceased agreed to purchase beer for resale in the business from a company in which plaintiff owned an interest. The deceased defaulted in the payment of the rent,

resulting in plaintiff becoming liable for the balance of the rent due. The complaint seeks judgment against the estate of the deceased for the amount of plaintiff's liability under the lease.

Demurrer was interposed to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action in that the alleged contract upon which the action was based was an oral contract for the subleasing, use or occupancy of real estate in violation of Sections 11-101(4), 41-52, 57-305 of the 1962 Code of Laws, which require such contracts to be in writing.

The lower court overruled the demurrer in a formal order, but provided that such ruling was "not to be considered as a determination of the issue as to whether or not the Statute of Frauds would be a bar upon presentation of the case on its merits." Judgment is affirmed.

Whether the alleged contract violates the Statute of Frauds, as contended by the defendant, or whether it is removed from the operation of the statute as a contract of guaranty or by virtue of part performance, as contended by plaintiff, can properly be determined only after the facts are developed on a trial of the merits.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., Concur.