## 21458

Thomas E. HILL and Mary Lee Hill, Respondents, v. J. Larry WAT-
FORD and Central Electric and Rewinding, Inc., Defendants, of
whom J. Larry Watford is the, Appellant.

(278 S. E. (2d) 347)

*William P. Hatfield,* of *Hyman, Morgan, Brown, Jeffords
& Rushton,* Florence, *for appellant.*

*Allen C. Pate,* Florence, *for respondents.*

May 21, 1981.

GREGORY, Justice:

Respondents Thomas E. Hill and Mary Lee Hill brought
this action to compel specific performance of an oral contract
to convey land. The court below overruled appellant J. Larry
Watford and the other named defendant's demurrer, finding
the allegations of the complaint sufficient to avoid the Statute
of Frauds. We agree and affirm.

The complaint alleged improvements to the property, including the installation of a private septic tank system, as sufficient part performance by respondents to remove the oral contract from the statute.

In passing on a demurrer we are not so concerned with the merits of the claim under attack as we are with the claim itself. Should the four corners of pleading embrace sufficient allegations to state a cause of action, the demurrer is properly overruled. And the rules are well established that the complaint's allegations are deemed true, *Crowley v. Bob Jones University*, 268 S. C. 492, 234 S. E. (2d) 879 (1977), and liberally construed in favor of the pleader faced with a demurrer. *Turner v. ABC Jalousie Co.*, 251 S. C. 92, 160 S. E. (2d) 528 (1968).

Here the claimed part performance was clearly and definitely pled, as our case law requires. See *McMillan v. King*, 193 S. C. 14, 7 S. E. (2d) 521 (1940), where the failure to do so warranted sustaining the demurrer. Whether the alleged improvements are such that a reasonable man would not have made them but in reliance on a contract to purchase, *McMillan v. McMillan*, 77 S. C. 511, 58 S. E. 431 (1907), is a question in this case for the trier of fact. See *Aust v. Beard*, 230 S. C. 515, 96 S. E. (2d) 558 (1957). We cannot say the allegations of part performance here are insufficient as a matter of law.

In the case of *Leventis v. Acciardo*, 256 S. C. 437, 182 S. E. (2d) 726 (1971), the plaintiff sought performance of an oral contract. We affirmed the overruling of a demurrer and held:

"Whether the alleged contract violates the Statute of Frauds, as contended by the defendant, or whether it is removed from the operation of the statute as a contract of guaranty or by virtue of part performance, as contended by

plaintiff, can properly be determined only after the facts are developed on a trial of the merits."

256 S. C. 440, 182 S. E. (2d) 726. Such is the case at bar.

Accordingly, the order appealed from is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.