21913

Raymond E. BRIDWELL, Respondent, v. Debra Marie BRIDWELL, Appellant.

(302 S. E. (2d) 856)

*Eddie R. Harbin*, Greenville, *for appellant.*

O. W. Bannister, Jr., of Hill, Wyatt & Bannister, Greenville, for respondent.

May 3, 1983.

NESS, Justice:

This is a divorce action brought by respondent husband against appellant wife. The trial judge granted the husband a divorce on the grounds of adultery, barring the wife's claim for alimony. We affirm.

The wife asserts the trial court erred in granting the husband a divorce on the ground of adultery, and should have granted her a divorce on physical cruelty grounds.

The wife has remarried, mooting the alimony issue. Additionally, if we now reverse the granting of the divorce, the wife could be charged with bigamy. Nevertheless, she pursues her appeal, allegedly for the sake of her reputation.

Our broad scope of review in appeals from the family ■■ court does not require us to disregard the trial court's findings, nor does it relieve appellant of the burden of convincing us the trial court erred. *Garris v. Cook*, S. C., 300 S. E. (2d) 483 (1983). The record adequately substantiates the trial court's findings that the wife committed adultery and that she failed to prove physical cruelty. We find this exception without merit.

The wife also contends the trial court erred in denying ■ her motion for continuance.

The hearing was begun April 10, 1980, and was continued by the family court to May 13, 1980. One of the wife's witnesses, who had been subpoenaed for the April 10th hearing, failed to appear on May 13th. The witness had not been resubpoenaed, but had been notified of the hearing date. At the close of her case, the wife moved for a continuance based on the witness's absence.

Motions for continuance are discretionary with the trial judge, and we will not disturb his ruling on appeal absent an abuse of that discretion. *Purex Corporation v. Walker*, S. C., 296 S. E. (2d) 868 (1982). We find no abuse. Family Court Rule 29 allows the court to grant continuances for good cause; however, when the motion is based on a witness's absence, we hold the moving party must submit an affidavit in compliance

with Circuit Court Rule 27, incorporated by Family Court Rule 3. The record is clear the wife failed to submit such an affidavit.

Finally, the wife contends the trial court erred in allowing a tape recording to be played for impeachment purposes. We decline to address this exception as the wife failed to state a ground for her objection at trial and failed to present a record adequate for review. *Rosamond Enterprises, Inc. v. McGranahan*, S. C., 299 S. E. (2d) 337 (1983); *Germain v. Nichol*, S. C., 299 S. E. (2d) 335 (1983).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.