0642

Madge Rice LOFTIS, Respondent v. Margaret Loftis ECK and Willene Loftis Ginn, Appellants.

(341 S. E. (2d) 641)

Court of Appeals

*Bruce A. Byrholdt, Chapman & King,* Anderson, *for appellants.*

*David M. Hoffman,* Anderson, *for respondent.*

Heard Jan. 23, 1986.

Decided March 4, 1986.

SANDERS, Chief Judge:

This is an appeal from an order setting aside a deed. Appellants Margaret Loftis Eck and Willene Loftis Ginn, acting pursuant to a power of attorney executed by their mother, respondent Madge Rice Loftis, deeded her property to themselves for a stated consideration of $5. Mrs. Loftis sued Mrs. Eck and Mrs. Ginn seeking to have the deed set aside. The trial court granted this relief on the ground that Mrs. Eck and Mrs. Ginn breached their fiduciary duty to Mrs. Loftis. We affirm.

Mrs. Eck and Mrs. Ginn argue that, because Mrs. Loftis couched the allegations of her complaint in terms of fraud, the Circuit Court erred in basing its ruling on the breach of a fiduciary duty. We reject this argument.

"A judgment or decree, whether in law or equity, must accord with and be warranted by the pleadings of the party in whose favor it is rendered [and] if it is not supported by the theory of action on which the pleadings were framed, it is fatally defective." *Crocker v. Crocker,* 281 S. C. 154, 158, 314 S. E. (2d) 343, 346 (Ct. App. 1984).

However, pleadings in both law and equity should be liberally construed to do substantial justice. *See* Section 15-13-20, Code of Laws of South Carolina, 1976 ("In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties.").[1]

Moreover, because this is an action in equity, the pleadings should be even more liberally treated than if it were an action at law. *See Kirven v. Lawrence*, 244 S. C. 572, 579, 137 S. E. (2d) 764, 767 (1964) ("[I]t has been long recognized that pleadings in equity should be more liberally dealt with than those at law with respect to their contents."); *McCallum v. Grier*, 86 S. C. 162, 165, 68 S. E. 466, 467 (1910) ("It must be remembered that greater latitude is allowed in stating the issues in equitable than in legal actions."); *Cf.* Rule 12, Rules of Practice for the Family Courts of the State of South Carolina ("The petition and all other pleadings shall be liberally construed.").

In her complaint, Mrs. Loftis alleges these poignant facts:

(1) In February 1983, her husband died leaving her the property in question.

(2) In April 1983, she executed a power of attorney appointing Mrs. Eck and Mrs. Ginn to act for her.

(3) Because of her age, lack of training in and knowledge of business matters, she relied upon their knowledge, experience, personal integrity and their relationship to her as their mother, and reposed special trust and confidence in them regarding her care, welfare and the administration of her husband's estate.

(4) On June 24, 1983, they conveyed her property to themselves for a stated consideration of $5.

(5) She received no consideration for executing the power of attorney or for the conveyance of her property.

(6) Immediately upon discovering what they had done, she revoked the power of attorney and demanded a return of her property.

(7) They refused her demand.

---

[1] During the pendency of this case on appeal, S.C.R.Civ.P. 8(f) was adopted replacing Section 15-13-20, Code of Laws of South Carolina, 1976. S.C.R.Civ.P. 8(f) in essence restates Section 15-13-20.

While other allegations contained in the complaint  can be read as an attempt to allege a cause of action for fraud, the complaint also clearly alleges both the existence and breach of a fiduciary duty.

The power of attorney alleged in the complaint and included in the Transcript of Record contains the language necessary to bring it within the purview of Section 32-13-10. This section specifically provides that a fiduciary relationship exists under such a power of attorney as a matter of law.

An agent acting for a principal pursuant to a power of attorney may not make a substantially gratuitous conveyance of the property of the principal to himself unless the power to do so is expressly granted by the instrument itself. *Fender v. Fender*, 285 S. C. 260, 329 S. E. (2d) 430 (1985). The power of attorney signed by Mrs. Loftis in the instant case did not grant Mrs. Eck and Mrs. Ginn the power to convey her property to themselves.

For these reasons, the order of the trial court is

Affirmed.

GARDNER and BELL, JJ., concur.