22601

Mary M. SMITH, Evelyn Hildebrand, Jettie M. Cannon, Ruby Ferguson, Betty J. Mann, Ella V. Durant, Lela Mae Metts, and Millie J. Christofi, Respondents v. Donald R. McCLAM, Lero L. McClam, and L. J. Mc-Clam, Of Whom Donald R. McClam is Appellant, and Lero L. McClam and L. J. McClam are Respondents.

(346 S. E. (2d) 720)

Supreme Court

*Jerome P. Askins, III,* Hemingway, *for appellant.*

*Richard G. Dusenbury,* Florence, *for respondents.*

*Kenneth E. Merriman,* of Florence, *as Guardian ad Litem for respondents Lero L. McClam and L. J. McClam.*

Heard Jan. 21, 1986.

Decided July 28, 1986.

FINNEY, Justice:

This action was instituted by the respondents, daughters of Lero McClam, to set aside two deeds executed by respondent Lero McClam to their brother, Donald McClam, who is the appellant in this action. The trial court set aside the deeds. We affirm.

The daughters contend that in 1958, they conveyed their interest in two tracts of land to their mother, Lero McClam, in consideration for her promise that she would hold the property during her lifetime and at her death, convey the property equally to all her children. They argue the conveyance of the tracts to Donald in 1966 and 1974 violated this agreement and was the result of fraud and undue influence exerted by Donald upon their mother. The daughters further claim their mother was mentally incompetent to convey the properties.

The case was tried before a judge and jury with four fact questions submitted to the jury. The jury's answers to the questions indicated they believed that Mrs. Lero McClam made an agreement with her children in 1958 to hold the property for their benefit, that Donald exerted undue influence on his mother to procure the deeds, that Mrs. McClam was competent to convey title to Donald at the time of execution of each deed, and that Donald fraudulently induced his mother to convey the properties to him.

The trial court orally approved of the jury's answers to the questions, but did not enter a written order setting aside the deeds. The Court of Appeals in *Smith v. McClam*, 280 S. C. 398, 312 S. E. (2d) 260 (S. C. App. 1984), remanded the case to the lower court for entry of an appropriate order, citing *Johnstone v. Matthews*, 183 S. C. 360, 191 S. E. 223 (1937) (trial judge has the responsibility to enter an order consistent with jury's findings if there is any evidence to support such findings). On remand, the trial court entered a written order confirming the findings of the jury and setting aside the deeds. This appeal followed.

The appellant contends the trial court erred in admitting testimony regarding a parol contract entered into between

the parties to restrict the transfer of the property in question, because the statute of frauds and parol evidence rule prohibit such testimony.

It is undisputed that this parol agreement involving the disposition of real property falls within the statute of frauds and there must be a sufficient writing to satisfy the statute. S. C. Code Ann. § 32-3-10 (1976) as amended, provides in relevant part that:

No action shall be brought whereby:

*   *   *   *   *

4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them; ...

Unless the agreement upon which said action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.

The appellant argues there is not a sufficient writing or memorandum evidencing a contract to satisfy the statute of frauds. We disagree. The trial judge found that a letter dated October 11, 1958, which was written by Lero McClam's attorney to one of the daughters, Mrs. L. C. Christoffi, who in fact did not sign the deed granting Lero McClam her interest in the subject property, was sufficient memorandum to satisfy the statute of frauds.

The letter reads as follows:

Your mother has left with me your letter of the 8th *regarding the farm* left by your late father, *of which she is requesting that you children execute deed to her.*
When your father died he left the property heavily mortgaged, which mortgage, if not redeemed, will probably be foreclosed and/the farm sold from under your mother. Your mother has some insurance money and with that and careful operation of the farm, she feels that she will be enabled to redeem the farm, and expresses her desire to have a home for your brother

mentioned in your letter. *This has been explained to all of the children, and they have signed, with the exception of you and one or two others. It is not Mrs. McClam's intention to sell the place,* but if she is going to invest what money she owns in her own right in trying to redeem the place, she feels that she should have protection from all the children so that the place could not be sold from under her by any one of them. *If the place is fully redeemed, all children will inherit from their mother equally at her death.* It is not my intention to try to influence you to sign the deed; but if you do sign, it is not believed that you will suffer any loss. If the property is sold now with the big mortgage covering it, none of you will receive much; *but if it is redeemed you will stand to have a valuable interest in the property at your mother's death.* You should let her know at the earliest possible date if you are going to sign the deed. [Emphasis supplied.]

The memorandum required to satisfy the statute of frauds may be found to exist in the form of a letter. 72 Am.Jur.2d, *Statute Of Frauds*, § 299. A writing prepared by a party to a contract or by his agent may constitute a memorandum sufficient to satisfy the statute of frauds although it is not delivered to the other contracting party and was neither intended for nor known to him, provided it is intended to evidence the contract of the parties and its contents are disclosed for that purpose. See *Peay v. Seigler*, 48 S. C. 496, 26 S. E. 885 (1897); 72 Am.Jur.2d *Statute Of Frauds*, § 312; 112 A.L.R. 491.

The writing must reasonably identify the subject matter of the contract, sufficiently indicate a contract has been made between the parties, and state with reasonable certainty the essential terms of the agreement. Rest.2d *Contracts* § 131. The essential terms must be ascertainable from the memorandum without resort to parol testimony. *Barr v. Lyle*, 263 S. C. 426, 211 S. E. (2d) 232 (1975); *Walker v. Preacher*, 188 S. C. 431, 199 S. E. 675 (1931).

It is our view the letter satisfies the requirements of the statute of frauds. The letter reasonably identifies the subject matter of the contract (farm), sufficiently indicates a contract has been entered into between Lero

McClam and her children, and the essential terms of the contract can be ascertained with reasonable certainty. The obvious intent of the letter was to induce the daughter to whom the letter was written to sign over her interest in the property to the mother based on the agreement entered into between the mother and the other children. The mother, in effect, made a separate contract that, if the children deeded their interest in the property to her, she would not dispose of the property during her lifetime, but would leave it to the children equally on her death.

The parol evidence rule does not preclude this letter from being introduced into evidence. The appellant correctly points out the importance of the parol evidence rule and its design to protect against fraud and unverifiable agreements. This Court has recognized the importance of the rule and as stated in *Scott v. Scott*, 216 S. C. 280, 57 S. E. (2d) 470, "one of the most valuable safeguards thrown around a deed is that parol evidence is not admissible to vary or contradict the terms of a written contract and this applies in all its strictness to actions involving deeds. Parol reservations or exceptions made either at or before the making of a deed are merged therein and cannot be allowed to alter or modify its legal effect." See also Williston On Contracts, 3rd Ed., § 631; 32A C.J.S. *Evidence*, § 913.

There are exceptions to the parol evidence rule. See Generally, Williston on Contracts, 3rd Ed., § 631; and 32A C.J.S., *Evidence*, § 929. A well recognized exception is that parol evidence may be admitted to show a separate and independent agreement, which is not inconsistent with the terms of a contemporaneous or subsequent written agreement, if it can be inferred that the parties did not intend the written paper to be a complete integration of the agreement. *Midland Timber Co. v. Furman*, 111 S. C. 287; 97 S. E. 831 (1919); Williston On Contracts, 3rd Ed., § 636. Also, parol evidence is ordinarily admissible to show the true consideration for a deed even though the actual consideration may be other than or different from that recited in the deed. 32A C.J.S. *Evidence*, § 950. In the instant case, we believe the letter evidenced a separate and independent contract, whereby Lero McClam promised to transfer the prop-

erty to her children on her death. Further, the agreement shows the true consideration for the respondents' deeding their interest in the property to Lero McClam.

It is not necessary for this Court to reach a decision ██ as to whether the appellant Donald actually committed fraud or exercised undue influence in procuring the property from his mother. Donald was not a bona fide purchaser for value of the properties conveyed to him because he had actual notice of the respondents equitable claim and interest in the property, and in fact, was privy to the agreement discussed above. The general rule is that a purchaser of land takes subject to outstanding equitable interests in the property which are enforceable against him to the same extent they are enforceable against the seller, where the purchaser is not entitled to protection as a bona fide purchaser. 77 Am.Jur.2d *Deeds*, § 612. The respondent's equitable interest in the property is enforceable against their mother Lero McClam and to the same extent against Donald.

We conclude the trial court correctly set aside the deeds to appellant Donald McClam. We affirm.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.