2544

William S. MINTER, Jr., and William S. Minter, III, Appellants v.
GOCT, INC., d/b/a Grease Monkey, Respondent.

(473 S.E. (2d) 67)

Court of Appeals

*Jeffrey L. Shaw* and *Gerald M. Finkel,* both of *Finkel, Goldberg, Sheftman & Altman,* Columbia, *for appellants.*

*Theodore D. Willard,* Columbia, *for respondent.*

Submitted June 4, 1996.

Decided July 15, 1996.

HEARN, Judge:

Plaintiffs, William S. Minter, Jr. and William S. Minter, III, (the Minters) appeal from an order granting a directed verdict to the defendant, GOCT, Inc., d/b/a Grease Monkey (GOCT), on causes of action for breach of contract and breach of contract accompanied by a fraudulent act. We affirm the grant of directed verdict on the cause of action for breach of contract accompanied by a fraudulent act and reverse and remand the directed verdict on the breach of contract claim.[1]

In their complaint, the Minters alleged their predecessor in interest, Carolina Properties Inc., entered into a contract with GOCT in October of 1986 in which Carolina Properties agreed to build a quick oil-change facility on Broad River Road which would be leased by GOCT. They alleged the agreement contained a provision giving Carolina Properties a "first right of refusal on any other Grease Monkey sites developed by GOCT

---

[1] Because oral argument would not aid the court in resolving the issues, we decided this case without oral argument.

in Richland or Lexington County, South Carolina." Carolina Properties subsequently assigned the contract to the Minters. According to the complaint, another Grease Monkey facility was built on Rabon Road in Richland county without the Minters being offered the right of first refusal. They brought this action alleging breach of contract and breach of contract accompanied by a fraudulent act.

After the presentation of the plaintiffs' case, GOCT moved for a directed verdict on the ground the evidence of damages was based purely on speculation and was improper as a matter of law. The court granted the motion for a directed verdict based upon a failure of proof of damages. The court also concluded plaintiffs failed to prove the elements for breach of contract accompanied by a fraudulent act. The Minters appeal the court's ruling.

In deciding a motion for directed verdict, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. If more than one inference can be drawn from the evidence, the case must be submitted to the jury. *Dalon v. Golden Lanes, Inc.*, — S.C. —, 466 S.E. (2d) 368 (Ct. App. 1996). In ruling on the directed verdict motion, the trial court does not have the authority to decide credibility issues nor to resolve conflicts in the testimony and evidence. *Garrett v. Locke*, 309 S.C 94, 419 S.E. (2d) 842 (Ct. Att. 1992). However, if the evidence does not yield more than one inference, a directed verdict in favor of the moving party is proper. *Cock-n-Bull Steak House, Inc. v. Generali Insurance Co.*, — S.C. —, 466 S.E. (2d) 727 (1996).

## BREACH OF CONTRACT CLAIM

Viewing the evidence in the light most favorable to the Minters on the breach of contract claim, we conclude the trial judge incorrectly granted a directed verdict in favor of GOCT. According to William S. Minter, III, the right of first refusal was a negotiated part of the agreement because he was in the real estate development business and the parties contemplated a chain of oil-change facilities. In 1989 or 1990, Minter learned a second Grease Monkey facility had been built in Lexington County. At that time, Minter placed GOCT on notice the contract had been violated since his company had not been offered the right of first refusal on the new location.

However, he did not pursue this matter further because GOCT was a good tenant at the Broad River Road location. Subsequently, Minter discovered a third location had been opened on Rabon Road without notice to him in violation of Section 7 of the 1986 agreement. At that point the Minters decided to bring the present action.

Minter testified the damage he and his father sustained as a result of the breach of contract by GOCT was the "lost profit that we could have anticipated off of two or more future locations." The Broad River Road location was leased to GOCT for $2800 a month with a profit of $1000 per month above the debt owed on the mortgage. Minter testified if he had been offered the right of first refusal on the Rabon Road location, he assumed the deal consummated would be "somewhat similar." Specifically, he stated:

> "[i]t could be a little more or a little less profitable depending on the cost of the location and the negotiation at that point in time. But it would certainly be something similar, yes . . . I would only say something similar to what we had done in this other instance, that there certainly would have been some positive cash flow return across the life of a ten or a fifteen year deal."

The purpose of an award of damages for breach of contract is to put the plaintiff in as good a position as he would have been in if the contract had been performed. The proper measure of compensation is the loss actually suffered by the plaintiff as a result of the breach. *Drews Co. v. Ledwith-Wolfe Assoc.*, 296 S.C. 207, 371 S.E. (2d) 532 (1988). When lost profits are contemplated as a measure of damages for breach of contract, they should be established with reasonable certainty since recovery cannot be had for profits which are conjectural or speculative. *Id.* This rule for recovery of lost profits is in accord with the general rule for recovery of damages which requires that the evidence should be such as to enable the factfinder to determine the amount of the damages with reasonable certainty. While proof with mathematical certainty is not required, the amount of damages cannot be left to conjecture, guess, or speculation. *Whisenant v. James Island Corp.*, 277 S.C. 10, 281 S.E. (2d) 794 (1981).

In this case, the Minters were hampered somewhat in their proof of damages by GOCT's actions in breaching the contract. Obviously, the terms of any arrangement governing the Rabon Road location would have been subject to negotiation, just as was the case with the original Grease Monkey facility owned by the Minters. The exact parameters of the deal are impossible to ascertain because GOCT failed to offer the Minters the opportunity to enter into the transaction, a right guaranteed to the Minters in their original Agreement. This Court has held that a breach of contract cause of action does not fail where the precise amount of damages is difficult to ascertain because of the wrongful act of the defendant. *Petty v. Weyerhaeuser Co.*, 288 S.C. 349, 356, 342 S.E. (2d) 611, 615 (Ct. App. 1986). We stated:

> Where the wrongful act of the defendant is of such nature as to prevent determination of the exact amount of damages, the defendant is not allowed to insist on absolute certainty, but only that the evidence show lost profits by reasonable inference.

(quoting 22 Am. Jur. 2d, *Damages*, § 177 (1965)). Similarly, in *Powers v. Calvert Fire Ins. Co.*, 216 S.C. 309, 321-22, 57 S.E. (2d) 638, 644 (1950), the Supreme Court held: "Where the wrongdoer creates the situation that makes proof of the exact amount of damages difficult, he must realize that in such cases 'juries are allowed to act upon probable and inferential as well as direct and positive proof.' "

We believe the testimony of William S. Minter, III, that any new Grease Monkey facility would have earned the plaintiffs a profit similar to that realized by their existing facility was sufficiently definite under the circumstances to submit the issue to the jury. It was error for the trial judge to rule that the evidence of damages was too conjectural and speculative to warrant submitting the case to the jury.

## BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT

We agree with the trial court's decision to grant a directed verdict in favor of GOCT on the Minters' cause of action for breach of contract accompanied by a fraudulent act. In order to recover for breach of contract ac-

companied by a fraudulent act, a plaintiff must establish: (1) a breach of contract; (2) that the breach was accomplished with a fraudulent intention, and (3) that the breach was accompanied by a fraudulent act. *Smith v. Canal Ins. Co.*, 275 S.C. 256, 269 S.E. (2d) 348 (1980).

Here, there was no evidence of an independent fraudulent act which accompanied the breach. The Minters argue there was evidence of a fraudulent act in that GOCT opened a new location after being put on notice by the Minters that such conduct would be regarded as a breach of the contract. While this may be evidence of GOCT's fraudulent intent in breaching the contract, it is not evidence of an independent fraudulent act which accompanied the breach. Therefore, the trial court's grant of directed verdict as to this cause of action is affirmed.

*Affirmed in part and reversed in part and remanded.*

HOWELL, C.J., and CONNOR, J., concur.