THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ester M.
 Gustilo and Joeprim G. Gustilo, Respondents,
 
 
 

v.

 
 
 
 Nhin Thi Tang,
 and Tang Oriental Supermarket, Inc., Appellants.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Master-In-Equity

Unpublished Opinion No. 2008-UP-212
Submitted April 1, 2008  Filed April 4, 2008

AFFIRMED

 
 
 
 George Hamlin OKelley, III, of Mt. Pleasant and William Lloyd
 Taylor, of Kiawah Island, for Appellants.
 Philip A. Middleton, of Charleston, for Respondents.
 
 
 

PER CURIAM:  Nhin
 Thi Tang and Tang Oriental Supermarket, Inc. (collectively Tang) appeal the
 master-in-equitys order granting judgment for Ester and Joeprim Gustilo (the
 Gustilos).  We affirm[1].  
FACTS
On April 6, 2000, the Gustilos entered
 into a contract to purchase Tang Oriental Supermarket (the Supermarket) from
 Tang for $250,000.  The purchase and sale
 agreement stated in paragraph 8.4 titled Amendment that This agreement may
 be amended only by a written instrument executed by the party or parties to be
 bound thereby.  Subsequently,
 the Gustilos made a $40,000 down payment using Mrs. Gustilos credit card.  The
 Gustilos paid Tang $25,000 toward the purchase price in March of 2000.  The
 Gustilos paid $15,000 more in April which was placed in an escrow account.  Mrs.
 Gustilo testified she and her husband mortgaged two pieces of property valued
 at $210,000 in total, one located in Berkeley County and one in Charleston County, to Tang as collateral.  The parties stipulated the Gustilos paid Tang
 $83,046.95 pursuant to the April 2000 contract.
Running the Supermarket proved unsuccessful, and the Gustilos fell
 behind in rent payments.  In January 2001, the Gustilos allegedly entered into
 a new contract with Tang pursuant to which Tang would extinguish the Gustilos
 outstanding mortgages if the Gustilos allowed Tang to repossess the Supermarket. 
 The Gustilos moved out of the Supermarket and returned the keys to Tang.  However,
 Tang later refused to release the Gustilos collateral, and the Gustilos
 property in Berkeley County was foreclosed.  Tang negotiated with Tony Mallari
 (Mallari) to purchase the store, and once she repossessed the Supermarket, Tang
 planned to immediately sell it to Mallari.  However, the sale to Mallari fell
 through.  The Gustilos testified they never knew about the potential buyer Tang
 lined up until they returned possession of the Supermarket to her.
The
 Gustilos brought suit against Tang for breach of contract, breach of contract
 accompanied by a fraudulent act, fraud and deceit, slander of title,
 conversion, and equitable satisfaction of mortgage.  Tang answered and
 counterclaimed alleging breach of contract and mortgage foreclosure.  After
 dismissing most causes of action, the trial court found specific performance
 was due under an oral agreement because the Gustilos completely performed their
 part of the bargain and voluntarily turned possession of the Supermarket over
 to Tang.  The trial court further found Tangs inability to resell the premises
 to Mallari did not alter the terms of the new contract with the Gustilos.  Based
 on these conclusions, the trial court determined the Gustilos were entitled to
 an order directing the Register Mesne Conveyance (RMC) Office for the County of Charleston to mark as paid in full and satisfied the mortgage on the Charleston County property which the Gustilos still owned.  The trial court found in favor
 of the Gustilos for their breach of contract and equitable satisfaction of
 their mortgage.  However, the trial court found they failed to establish any
 monetary damage as a result of the breach.  The trial court denied Tangs claims
 for breach of contract and foreclosure of mortgage.  This appeal followed. 
STANDARD OF REVIEW
An action for specific performance is one in equity.  Campbell v. Carr, 361 S.C. 258, 262, 603 S.E.2d 625, 627 (Ct. App. 2004).  Our
 scope of review of a case heard by a master who enters a final judgment is to
 determine facts in accordance with our own view of the preponderance of the
 evidence.  See Tiger, Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237,
 391 S.E.2d 538, 543 (1989).  Thus, the appellate court may reverse a factual
 finding by the trial judge in such cases when the appellant persuades the
 appellate court that the trial judges finding is against the preponderance of
 the evidence.  Campbell, 361 S.C. at 263, 603 S.E.2d at 627.  Pursuant
 to Rule 220(b), SCACR, when an appellate court chooses to find facts in
 accordance with its own view of the evidence, the court must state distinctly
 its findings of fact and the reason for its decision.  Dearybury v.
 Dearybury, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002).
LAW/ANALYSIS
I.  Error in Granting Directed
 Verdict

 A. 
 Partial performance of an oral agreement 

Tang
 argues the trial court erred in granting the Gustilos motion for directed
 verdict based on the Statute of Frauds because the Gustilos failed to meet
 their burden of introducing clear and convincing evidence the oral agreement
 had been partly performed.  We find this issue is not preserved for our review.
It
 is unclear whether this issue was actually raised at the trial level because
 the record Tang provided on appeal does not include portions of the trial
 transcript where Tang allegedly moved for a directed verdict.  Ordinarily, no
 point will be considered which does not appear in the record on appeal.  See Rule 210(h), SCACR.  Further, the appellant has the burden of presenting a
 sufficient record to allow review.  See, e.g., Helms Realty, Inc. v.
 Gibson-Wall Co., 363 S.C. 334, 339-40, 611 S.E.2d 485, 487-88 (2005); Bridwell
 v. Bridwell, 279 S.C. 111, 113, 302 S.E.2d 856, 858 (1983); State v.
 Carlson, 363 S.C. 586, 608, 611 S.E.2d 283, 294 (Ct. App. 2005); Hundley
 ex rel. Hundley v. Rite Aid of S.C., Inc., 339 S.C. 285, 306-07, 529 S.E.2d
 45, 57 (Ct. App. 2000).  Therefore, due to the inadequacy of the record
 presented, whether the trial court erred in deciding Tangs directed verdict
 motion is not preserved for our review.  However,
 even if we were to reach the merits, this issue is unavailing to Tang.
When
 reviewing a trial courts ruling on a directed verdict, this court will reverse
 the ruling only when no evidence supports the ruling or the ruling is
 controlled by an error of law.  Pye v. Estate of Fox, 369 S.C. 555, 569,
 633 S.E.2d 505, 512 (2006); McMillan v. Oconee Meml Hosp., Inc., 367
 S.C. 559, 564, 626 S.E.2d 884, 886 (2006).  On review, the appellate court must
 determine whether a verdict for the party opposing the motion would be
 reasonably possible under the facts as liberally construed in his or her
 favor.  Ericson v. Jones St. Publishers, L.L.C., 368 S.C. 444, 463, 629
 S.E.2d 653, 663 (2006).  
Under
 the Statute of Frauds, certain contracts must be reduced to writing in order to
 be enforced.  See S.C. Code Ann. § 32-3-10 (2007).  In pertinent part,
 section 32-3-10 (4) (2007) bars actions which:

 [C]harge
 any person upon any contract or sale of lands, tenements or hereditaments or
 any interest in or concerning them . . . . Unless the agreement upon which such
 action shall be brought or some memorandum or note thereof shall be in writing
 and signed by the party to be charged therewith or some person thereunto by him
 lawfully authorized.

However,
 South Carolina courts recognize several exceptions to the Statute of Frauds
 writing requirement, including partial or complete performance. See, e.g., Stackhouse v. Cook, 271 S.C. 518, 521, 248 S.E.2d 482, 483 (1978); Scurry
 v. Edwards, 232 S.C. 53, 60-61, 100 S.E.2d 812, 816 (1957); Settlemeyer
 v. McCluney, 359 S.C. 317, 320, 596 S.E.2d 514, 516 (Ct. App. 2004).  Where
 sufficient partial performance has occurred, courts of equity can enforce
 specific performance of an oral agreement for a land sale purchase, despite the
 Statute of Frauds.  Scurry, 232 S.C. at 60-61, 100 S.E.2d at 816; Gibson
 v. Hrysikos, 293 S.C. 8, 13, 358 S.E.2d 173, 175-76 (Ct. App. 1987).  To do
 so, a court of equity must find: 1) clear evidence of an oral agreement; 2)
 the agreement had been partially executed; and 3) the party who requested
 performance had completed or was willing to complete his part of the oral
 agreement.  Settlemeyer, 359 S.C. 317, 320, 596 S.E.2d 514, 516 (citing Gibson, 293 S.C. at 13-14, 358 S.E.2d at 176).
In
 the present case, the trial court found the Gustilos credible in their
 testimony regarding the new contract which was entered into and consummated in early
 January 2001.  Specifically, the Gustilos testified Tang offered to satisfy
 their outstanding mortgages if the Gustilos would allow her to repossess the Supermarket. 
 The trial court stated, The Gustilos testimony is quite clear on this point. 
 I conclude there is sufficient evidence by virtue of the somewhat ceremonious
 way in which the Gustilos returned the key to Mrs. Tang in January of 2001. 
 Therefore, based on the Gustilos testimony and actions, we find clear and
 convincing evidence proves a new contract existed between the parties, thereby
 satisfying the first prong of Settlemeyer.  359 S.C. at 320, 596 S.E.2d at
 516.  
Additionally,
 the Gustilos relinquished management and ownership of the Supermarket by
 returning the keys to Tang.  Such action amounts to partial execution of the
 new agreement between Tang and the Gustilos, thereby satisfying the second
 prong of Settlemeyer.  Id.  Finally, the preponderance of the
 evidence indicates Tang, as the party who requested performance, was willing to
 comply with her obligations under the new agreement when she initially
 negotiated with the Gustilos to regain ownership of the Supermarket.  Though
 negotiations with Mallari ultimately fell through, Tang initially was willing
 to satisfy the outstanding mortgages on the Gustilos two properties.  Furthermore,
 the Gustilos had no knowledge of Tangs negotiations with Mallari.  Therefore,
 we find Tangs inclination enough to satisfy the third prong under Settlemeyer.  Id.  
We
 affirm the trial courts order finding sufficient partial performance occurred
 between the parties because the Gustilos established the elements of Settlemeyer. 
 Based on the finding of partial performance, the trial court could enforce
 specific performance of the oral agreement for the resale of the Supermarket,
 despite the Statute of Frauds.  

 B. 
 Parol Evidence Rule

Tang
 contends the trial court erred in finding the parties amended their purchase
 and sale agreement by a subsequent oral agreement after admitting parol evidence. 
 Specifically, Tang argues the parol evidence rule bars any testimony contradicting
 the express, unambiguous terms of the written agreements between the parties. 
 We disagree.[2]  
The
 parol evidence rule prevents the introduction of extrinsic evidence of agreements
 or understandings contemporaneous with or prior to execution of a written
 instrument when the extrinsic evidence is to be used to contradict, vary, or
 explain the written instrument.  Redwend Ltd. Pship v. Edwards, 354
 S.C. 459, 471, 581 S.E.2d 496, 502-03 (Ct. App. 2003) (citing Estate of
 Holden v. Holden, 343 S.C. 267, 539 S.E.2d 703 (2000) and Crafton v.
 Brown, 346 S.C. 347, 550 S.E.2d 904 (Ct. App. 2001)).  However, [it] is
 axiomatic that there exists a well established exception to the parol evidence
 rule which allows extrinsic evidence by the party attacking an instrument on
 the ground of fraud.  Redwend, 354 S.C. at 471, 581 S.E.2d at 503
 (citing Bradley v. Hullander, 272 S.C. 6, 249 S.E.2d 486 (1978) and Allen-Parker
 Co. v. Lollis, 257 S.C. 266, 185 S.E.2d 739 (1971)).  
In
 the present case, the trial court granted Tang a directed verdict on the
 Gustilos claims for fraud and deceit and for breach of contract accompanied by
 fraudulent act.  Therefore, based on the trial court finding no fraud occurred
 between the parties, Tang contends certain parol evidence is inadmissible.  However,
 because the trial court found the parties entered into a new oral agreement,
 the trial court allowed parol evidence. See, e.g., Smith v. McClam,
 289 S.C. 452, 457, 346 S.E.2d 720, 724 (1986) (citing Midland Timber Co. v.
 Furman, 111 S.C. 287, 97 S.E. 831 (1919) and Williston On Contracts, 3rd
 Ed., § 636) (A well recognized exception is that parol evidence may be
 admitted to show a separate and independent agreement, which is not
 inconsistent with the terms of a contemporaneous or subsequent written
 agreement, if it can be inferred that the parties did not intend the written
 paper to be a complete integration of the agreement.); Natl Loan &
 Exch. Bank v. Tolbert, 129 S.C. 503, 512, 124 S.E. 772, 775 (1924) (internal
 citation omitted) ([T]he parol evidence does not in any way deny that the
 original agreement of the parties was that which the writing purports to
 express, but merely goes to show that the parties have exercised their right to
 change or abrogate the same, or to make a new and independent contract . . . . All
 distinct and separate transactions may therefore be established and availed of
 whenever they are themselves valid. Now, a transaction subsequent in time must
 always be a separate transaction.).  Based on the trial courts finding Tang
 and the Gustilos entered into a new contract, admission of parol evidence was
 not in error.  Accordingly, we affirm the trial courts decision to admit such
 testimony though it may contradict express terms of a prior written agreement
 between the parties.   

 C. 
 Part performance as an affirmative defense

Next, Tang argues
 the Gustilos should have been precluded from arguing part performance as an
 affirmative defense to her claims against them.  We disagree.    
South Carolina case
 law requires parties to clearly and definitely plead certain affirmative
 defenses, including part performance.  See Rule 8(c), SCRCP, (In
 pleading to a preceding pleading, a party shall set forth affirmatively the
 defenses: . . . statute of frauds, . . . waiver, and any other matter
 constituting an avoidance or affirmative defense.); Hill v. Watford, 276
 S.C. 344, 345, 278 S.E.2d 347, 348 (1981) ([P]art
 performance was clearly and definitely pled, as our case law requires.); McMillan
 v. King, 193 S.C. 14, 23, 7 S.E.2d 521, 526 (1940) ([T]he claim of part
 performance thereof, should each be alleged at least with definiteness and
 clarity when the sufficiency of the complaint is tested by demurrer.). 
 However, our rules of civil procedure also require this court to construe all
 pleadings so as to do substantial justice to all parties.  Rule 8(f), SCRCP; see also Loftis v. Eck, 288 S.C. 154, 156, 341 S.E.2d 641, 642 (Ct. App.
 1986) ([P]leadings in both law and equity should be liberally construed to do
 substantial justice.). 
In their complaint,
 the Gustilos allege the parties agreed Tang would take the Supermarket back and
 release the security and collateral the Gustilos pledged at the time they
 purchased the store.  The Gustilos further allege they allowed Tang, in
 reliance on the agreement and in the course of dealings between the parties, to
 retake possession of the Supermarket.  After honoring their duties under the
 new agreement, the Gustilos argue Tang refused to honor her responsibility
 under the agreement to release the Gustilos real  property and collateral.  In
 her answer to the Gustilos complaint, Tang counterclaimed, alleging breach of
 contract and mortgage foreclosure.  In defense of these counterclaims, the
 Gustilos replied and realleged the facts set forth in their complaint.
Based on the above
 cited South Carolina jurisprudence, we liberally construe the Gustilos
 allegations and find they sufficiently pled part performance.  Specifically, the
 Gustilos allegation stating:  Thereafter, the [Gustilos] allowed Tang, in
 reliance on the agreement and course of dealing between the parites, to retake
 possession of the store, is enough to amount to affirmatively raising part
 performance as a defense.  Accordingly, we find the trial court did not err in
 allowing the Gustilos to raise this issue at trial over Tangs objection.  
II. Failure to Establish
 Monetary Damages
In
 her next assertion to our court, Tang argues the trial court erred in granting
 the Gustilos a judgment because they failed to establish any monetary damage as
 a result of the alleged breach of contract.  This issue is not preserved for
 our review.  
Tang
 failed to make a motion pursuant to Rule 59(e), SCRCP, alerting the trial court
 to this issue.  Therefore, this issue was not raised to or ruled upon by the
 trial court.  If Tang did make a Rule
 59(e) motion to the trial court, it does not appear in the record on appeal,
 and this argument still fails because Tang, as appellant, has the burden of
 producing a complete record.  See, e.g., Helms Realty, 363 S.C. at
 339-40, 611 S.E.2d at 487-88; Bridwell, 279 S.C. at 113, 302 S.E.2d at
 858 (1983); Carlson, 363 S.C. at 608, 611 S.E.2d at 294; Hundley,
 339 S.C. at 306-07, 529 S.E.2d at 57.
An
 issue may not be raised for the first time on appeal.  In order to preserve an
 issue for appeal, it must be raised to and ruled upon by the trial court.  In
 re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004).  It is well
 settled that, but for a very few exceptional circumstances, an appellate court
 cannot address an issue unless it was raised to and ruled upon by the trial
 court.  Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598
 S.E.2d 712, 715 (2004).
The
 purpose of a Rule 59(e) motion is to request for the trial judge to reconsider
 matters properly encompassed in a decision on the merits.  Collins Music
 Co., Inc. v. IGT, 353 S.C. 559, 562, 579 S.E.2d 524, 525 (Ct. App. 2002).  Regarding
 Rule 59(e) motions, the South Carolina Supreme Court stated:  

 A party may wish to file such a motion when she believes the court has
 misunderstood, failed to fully consider, or perhaps failed to rule on an
 argument or issue, and the party wishes for the court to reconsider or rule on
 it. A party must file such a motion when an issue or argument has been
 raised, but not ruled on, in order to preserve it for appellate review. . . . South Carolina appellate courts do not recognize the plain error rule, under which a court
 in certain circumstances is allowed to consider and rectify an error not raised
 below by the party.   

Elam v. S.C. Dept of Transp., 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (internal
 citations omitted).
Recently,
 in Pye v. Estate of Fox, the South Carolina Supreme Court identified two
 ways to preserve an issue for appeal as either: a ruling by the trial [court]
 or a post-trial motion.  369 S.C. 555, 566, 633 S.E.2d 505, 511 (2006).  The Pye court held an issue was preserved for review when Pye raised such issue to the
 trial court in a summary judgment motion and later in a Rule 59(e) motion.  369
 S.C. at 565, 633 S.E.2d at 510.  Though the trial court never ruled on the
 issue the motions raised, the Pye court found the issue was preserved by
 stating, [A]n exception to this rule exists where an issue is raised but not ruled upon at a Rule 59(e) hearing.  Id.  In its holding
 the court noted lawyers cannot force trial courts to address an issue, but a
 properly requested ruling under Rule 59 is sufficient without a specific
 judicial decision on the matter.  Id. at 566, 633 S.E.2d at 511.     
In
 the case sub judice, Tang protests the trial courts order
 granting a judgment to the Gustilos.  However, in order to properly preserve
 such an issue for appeal, Tang must raise the issue to the trial court through a
 Rule 59(e) motion, giving the court an opportunity to address problematic
 rulings and issue a final ruling.  See Pye, 369 S.C. at 565, 633
 S.E.2d at 510; Elam, 361 S.C. at 24, 602 S.E.2d at 780; Collins, 353
 S.C. at 562, 579 S.E.2d at 525.  Instead, Tang directly appealed the trial
 courts order granting judgment for the Gustilos.  We find this issue is not
 preserved for our review because Tang never raised it at the trial level.  
This
 issue fails on the merits as well.  To recover for a breach of contract, the
 plaintiff must prove:  (1) a binding contract entered into by the parties; (2)
 a breach or unjustifiable failure to perform the contract; and (3) damage
 suffered by the plaintiff as a direct and proximate result of the breach. See Fuller v. Eastern Fire & Cas. Ins. Co., 240 S.C. 75, 89, 124 S.E.2d
 602, 610 (1962) (This being an action for the breach of contract, the burden
 was upon the respondent to prove the contract, its breach, and the damages
 caused by such breach.).  In a breach of contract action, the measure of
 damages is the loss actually suffered by the plaintiff as a result of the
 breach.  Collins Holding Corp. v. Landrum, 360 S.C. 346, 350, 601 S.E.2d
 332, 333 (2004); Minter v. GOCT, Inc., 322 S.C. 525, 528, 473 S.E.2d 67,
 70 (Ct. App. 1996).  The purpose of an award of damages for breach of contract
 is to put the plaintiff in as good a position as he would have been in if the
 contract had been performed.  Minter, 322 S.C. at 528, 473 S.E.2d at 70.
Tang
 argues the trial court erred in granting the Gustilos a judgment because they
 failed to establish monetary damages.  The trial court made such a
 finding and in its order by stating, It is further ordered that the Plaintiff
 has failed to establish any monetary damage as a result of contract.  However,
 we find the Gustilos incurred damages, though not completely monetary in
 nature, as result of Tangs breach.  Specifically, the Gustilos incurred
 damages in the form of previous mortgage debt and damaged credit.  Furthermore,
 in finding for the Gustilos on their breach of contract cause of action, the
 trial court ordered the Register Mesne Conveyance for the County of Charleston . . . to mark the mortgage of Joeprim G. Gustilo and Ester M Gustilo to
 Tang Oriental Supermarket . . . paid in full and satisfied.
Therefore,
 we find the trial court properly found the Gustilos met their burden of proof
 by establishing damage suffered as a direct and proximate result of the breach. 
 Furthermore, we find South Carolina jurisprudence does not restrict damages
 solely to out-of-pocket expenses incurred by the breach.  Though contract
 damages ordinary consist of out of pocket expenses incurred by the breach and
 the gain above costs that would have been realized had the breach not occurred,
 we believe damages can exist in several forms, including debt or damaged
 credit.  But cf. S.C. Fed. Sav. Bank v. Thornton-Crosby
 Dev. Co., Inc., 303 S.C. 74, 77, 399 S.E.2d 8, 11 (Ct. App. 1990) (In the normal case, the damage will consist of two distinct elements: (1) out-of-pocket costs
 actually incurred as a result of the contract; and (2) the gain above costs
 that would have been realized had the contract been performed.) (emphasis
 added).  Accordingly, we affirm the ruling of the trial court.  
III. Error in Evidence Admission
Tang
 argues the trial court erred in admitting evidence of alleged
 misrepresentations by Tang based on the merger clause in the agreement between
 the parties.  We find Tang abandoned this issue on appeal.[3]  
An
 issue is deemed abandoned and will not be considered on appeal if the argument
 is raised in a brief but not supported by authority.  In re Care and
 Treatment of McCracken, 346 S.C. 87, 93, 551 S.E.2d 235, 239 (2001).  In her
 Appellants Brief, Tang failed to cite any authority in support of her
 assertion the trial court erred in admitting certain misrepresentations into
 evidence.  Therefore, we find Tang abandoned this issue on appeal, and we
 decline to consider the argument.  
On
 the merits, this issue fails as well.  The merger clause in Tangs agreement
 with Gustilos expressed there were no representations made by either party
 relative to the subject matter hereof, which are not expressly set forth
 herein.  Tang contends the trial court erred in allowing Mrs. Gustilo to
 testify regarding Tangs representations of the Supermarkets monthly gross
 revenue, which is contrary to the express terms of their agreement.
Admission
 of evidence is largely within the trial courts discretion.  Fields v. Regl
 Med. Ctr. Orangeburg, 363 S.C. 19, 26, 609 S.E.2d 506, 510 (2005); Gamble
 v. Intl Paper Realty Corp. of S.C., 323 S.C. 367, 373, 474 S.E.2d 438, 441
 (1996); Hofer v. St. Clair, 298 S.C. 503, 513, 381 S.E.2d 736, 742
 (1989); Seabrook Island Prop. Owners Assn v. Berger, 365 S.C. 234, 242,
 616 S.E.2d 431, 435 (Ct. App. 2005); R & G Constr., Inc. v. Lowcountry
 Regl Transp. Auth., 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct. App. 2000). 
 Therefore, under our scope of review, we must determine whether the trial court
 abused its discretion.  Elledge v. Richland/Lexington Sch. Dist. Five,
 352 S.C. 179, 185, 573 S.E.2d 789, 792 (2002); R & G Constr., Inc. v.
 Lowcountry Regl Transp. Auth., 343 S.C. at 439, 540 S.E.2d at 121.  The trial
 courts decision will not be disturbed on appeal unless it is based on an error
 of law or a factual conclusion without evidentiary support. Whaley v. CSX
 Transp., Inc., 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005); Fields,
 363 S.C. at 25-26, 609 S.E.2d at 509.  For this Court to reverse a case based
 on the admission of evidence, both error and prejudice must be shown. Seabrook Island Prop. Owners Assn, 365 S.C. at 242, 616 S.E.2d at
 435; Stevens v. Allen, 336 S.C. 439, 448, 520 S.E.2d 625, 629 (Ct. App. 1999)
 (citing Timmons v. S.C. Tricentennial Commn, 254 S.C. 378, 175 S.E.2d
 805 (1970)).
Assuming
 without deciding the trial courts admission of the evidence was error, we
 affirm nevertheless because there was no resulting prejudice to Tang.  See Starkey v. Bell, 281 S.C. 308, 315-16, 315 S.E.2d 153, 157 (Ct. App.
 1984) (The admission of evidence is discretionary with the trial judge whose
 ruling will not be disturbed in the absence of an abuse thereof amounting to an
 error of law, and prejudice.).  In the case sub judice, the trial court
 found the Gustilos, as plaintiffs, successfully met their burden and proved
 Tang breached their second contract.  Based on its decision to grant judgment
 in favor of the Gustilos, the trial court ordered the RMC to extinguish certain
 mortgages.  The trial court did not use the gross income figure in its
 calculation of damages, as there were no monetary damages established.  Rather,
 Mrs. Gustilos brief testimony recalled preliminary negotiations leading up to
 the first contract entered into by the parties.  Therefore, we affirm the trial
 courts decision to allow such testimony into evidence because we fail to see
 how such testimony prejudiced Tang.  
IV. Equitable Satisfaction of
 the Mortgage
Finally,
 Tang argues the Gustilos were not entitled to equitable satisfaction of their
 mortgages because she did not sell the business to Mallari.  We find this issue
 was abandoned on appeal. 
An
 issue is deemed abandoned and will not be considered on appeal if the argument
 is raised in a brief but not supported by authority.  In re Care and
 Treatment of McCracken, 346 S.C. at 93, 551 S.E.2d at 239.  Tang failed to
 cite any authority in support of her assertion that the Gustilos were not
 entitled to equitable satisfaction of their mortgages.  Therefore, we find Tang
 abandoned this issue on appeal, and we decline to consider the argument.  
CONCLUSION
Based
 on the foregoing, the order of the trial court is
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Though Tang fails to cite to her objection, Tangs
 objection and the courts ruling regarding Mrs. Gustilos testimony under the
 parol evidence rule appear on pages 69-72 and page 109 in the record on appeal.  
[3] Tangs objection to this testimony appears on page 58
 of the record on appeal.